CHARLES VAHUE, Respondent, v. JOSEPH BEIKER, Doing Business under the Assumed Name of THE BETTER BEVERAGES COMPANY, and CHARLES LUCIA, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

EVELYN B. NICHOLS COMFORT, LAFAYETTE MILES NICHOLS and MERWIN LEO NICHOLS, Respondents, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23475.) — Judgment affirmed, with costs. New findings of fact made. All concur. (The judgment awards claimants damages for flooding of farm lands.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

LOUISE KUHLBARSCH, Appellant, v. ALMA ERNESTINE SAUTER, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in an action to cancel conveyance of realty.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

WILLIAM L. PEARSON, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in an action under an accident insurance policy.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

ROSS W. GIBSON, 1058 LOVEJOY STREET, BUFFALO, NEW YORK, Appellant, v. FERDINAND J. BOMMER and Others, Respondents.— Orders affirmed, with ten dollars costs and disbursements. Memorandum: If the estate of the incompetent has been unjustly enriched at the expense of the plaintiff, then the plaintiff is entitled to recover in this action against the committee of the property of the incompetent. The plaintiff does not allege that the moneys which he claims belong to him have been added to the estate of the incompetent. Rather his complaint is to the effect that the two Bommers by false representations induced him to permit such moneys to be invested in a mortgage owned by Ferdinand J. Bommer. The inference arises from the whole complaint that the moneys claimed by plaintiff are now in the possession of Ferdinand J. Bommer and Raymond L. Bommer. Raymond L. Bommer could not hold those moneys both individually and as committee. He must hold them in one capacity or the other. If he secured possession of the moneys by false representations, then he was not acting as agent of the estate or in the business of the estate, but as an individual, and for such false representations the estate of the incompetent is not liable. All concur. (One order dismisses plaintiff's amended complaint as to the special guardian and the administrator, and the other order dismisses said complaint as to the committee of an incompetent in an action to recover the amount of two bonds and mortgages.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

MILTON S. ESTEP, as Administrator, etc., of MINNIE LEE ESTEP, Deceased, 11–5th Street, Woodlawn, New York, Respondent, v. JOHN F. BURKE, as Receiver of the HAMBURG RAILROAD COMPANY, and MAX S. LOHR, JR., Appellants.— Judgment and orders affirmed, with costs. All concur, except Dowling, J., who dissents and votes for reversal on the law and facts and for granting a new trial. (The judgment is for plaintiff in an automobile-bus negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.