MARY E. KRAUSE, Plaintiff, *v.* WILLIAM KRAUSE and Others, Defendants.

Supreme Court, Erie County, June 6, 1939.

*Daetsch & Pfeiffer* and *John S. Ryan,* for the plaintiff.

*Alfred L. Harrison* and *Milton Rabow*, for the defendants Krause.

*Richard W. Caudell*, for the defendant Severin.

*Little & Burt*, for the defendant Buffalo Savings Bank.

HARRY L. TAYLOR, Official Referee. Plaintiff and Gustav Krause were married July 30, 1932, and remained man and wife until the husband died October 17, 1938. He left him surviving three adult children, the defendants herein. From December 9, 1931, to August 1, 1938, there was an account in defendant Buffalo Savings Bank " Gustav Krause as Trustee for [defendant] Albert Krause " which aggregated $1,666.33 when the balance of that account was drawn out on August 1, 1938, and deposited in the same bank in an account " Gustav Krause as Trustee for [defendant] Anna Severin." The latter account, opened December 20, 1935, aggregated $3,552.77 on the date of this trial.

On July 19, 1938, Gustav Krause deeded certain real estate in the town of Cheektowaga, Erie county, N. Y., to each of his sons, the defendants Albert and William Krause. In each deed the grantor reserved to himself for his lifetime " the use, rents and profits of said premises." On the last-mentioned date Gustav Krause also executed a will (now on file but unprobated) in which he devised and bequeathed all his property to his three said children, share and share alike, entirely ignoring his wife. Plaintiff brings this action, referred to me to hear, try and determine, in which she seeks a judgment setting aside the two deeds and decreeing that plaintiff has a one-third interest in the real estate conveyed and also decreeing that the balance in said bank account be paid to the estate of Gustav Krause — all on the theory that the transfers were not *inter vivos* transfers permissible under the law and were made in bad faith and for the purpose of depriving plaintiff of her rights as widow under the Decedent Estate Law. Plaintiff is not disqualified under section 18 of the Decedent Estate Law from maintaining this action. Under said section 18, plaintiff has a right of election against the will (executed in 1938 and still unprobated) to take as in intestacy. And in intestacy the widow would take one-third of her husband's real property. (Dec. Est. Law, § 83, subd. 1.) The sole question here is whether the transfers of real property by deed and the established bank account are fully valid as against the widow under section 18 of the Decedent Estate Law.

In addition to the documentary evidence and some testimony relating to the state of the savings bank accounts, there was undisputed testimony to the effect that often during his married lifetime, Gustav Krause stated that his children would get all his

property upon his death and that he did not want his wife to know of his decision to that effect. The whole situation presented by the will, the bank account under discussion and the deeds indicates an intent on the part of the husband to so arrange his affairs that his three children should have all his property share and share alike at the time of decedent's death and that his wife should have nothing.

In *Newman* v. *Dore* (275 N. Y. 371) a husband-testator three days before his death executed trust agreements whereby in form he transferred to trustees all his property, real and personal. But in the documents of transfer the settlor made so many reservations unto himself that the Court of Appeals, affirming the Appellate Division and the Special Term, held that after the execution of the agreements the settlor had substantially as much control of the handling and disposition of his property as he had before the agreements were executed; that, therefore, the transfer was " unreal and illusory," and that section 18 of the Decedent Estate Law required a declaration that as against the widow the agreements were invalid.

Judge LEHMAN does say in the course of his opinion in the *Newman* case that since a wife has only an expectant interest in her husband's property and since the law does not prevent a husband's transfer of his property during his life, the good faith of a husband as a donor, settlor or other grantor of his property does not refer to his purpose to affect his wife but to his intent to really divest himself of the ownership of his property. The *Newman* opinion has received much attention, both from the courts and the reviewers. (See *e. g.*, 23 Cornell L. Q. 457; 37 Col. L. Rev. 1219, 1221.) It is said by critics, among other things, that the opinion minimizes too much the effect which should be given to a husband's deliberate effort to deprive his spouse of property rights vouchsafed to her by the Decedent Estate Law as it now stands. Judge LEHMAN's opinion must be read with reference to the facts involved in the particular case and what he says by way of discussion is not necessarily determinative of the law generally. Judge LEHMAN does not decide that a husband's purpose to affect his widow's property rights may never be considered in arriving at a conclusion as to the " reality " of transfers by the husband of his property in his lifetime. There is no doubt that a husband during marriage or ante-nuptially may make transfers of his property in the ordinary course of business, even may make gifts of his property. But the Court of Appeals in a decision in which Judge LEHMAN participated, affirmed an order of the Appellate Division (250 App. Div. 708) based upon an opinion which said that since section 18 of the

Decedent Estate Law has been in effect (September 1, 1930), a surviving spouse has a new right which " should not be whittled down by the ingenuity of the draftsman of a will or *by the design of the husband to deprive the wife of her lawful rights.*" (Italics mine.) (*Matter of Curley*, 245 App. Div. 255; affd., 269 N. Y. 548.) In the *Newman* opinion (p. 381) Judge LEHMAN specifically leaves open the question whether reservation of income alone would be enough to show that a transfer was not made in good faith. The reservation in the deeds in the instant case it will be noted is far more than a mere reservation of income.

Since section 18 of the Decedent Estate Law went into effect (1930) and since the decision in *Newman* v. *Dore* (1937), I believe it to be now the general rule in New York State that a husband in his lifetime may lawfully dispose of his property, real or personal, by sale, transfer, trust agreement or gift — with or without an intent to deprive his wife of property rights after his death — if the husband's interest in the property which is transferred be transferred *inter vivos, eo instanti* and fully. If, however, the transfer be accompanied by reservations so material that the transfer is clearly a subterfuge, or if the transfer includes reservations of conditions such that its completion is postponed until the death of the transferor — *i. e.*, if the transfer be testamentary — the widow may find protection in section 18 of the Decedent Estate Law. It is easy to conceive of borderline and intermediate cases in which the rights of a widow would be difficult of determination. But I find that the case I am here considering falls within the latter class mentioned in my " rule."

Here we have a husband who has often said that he wanted his three children to have all his property after his death and did not want his wife to know of his plans. He so adjusts things that on the same day less than three months before his death (1) he makes a will ostensibly depriving his wife of any rights in his property; (2) a fund is in existence in a savings bank under a trust account for decedent's daughter which is revocable up to decedent's death (*Matter of Totten*, 179 N. Y. 112, 126), because there is no proof that the bank book was delivered to the daughter in her father's lifetime, nor proof of any other fact tending to make the trust irrevocable; and (3) two parcels of real estate are deeded to the husband's two sons in deeds not conveying title in fee simple absolute but title subject to the father's use and his enjoyment of the rents and profits and, therefore, subject to the father's possession until his death, deeds transferring no more than vested future estates, really no more than remainders based upon a life estate. These are not real present absolute transfers of property rights with

no " strings attached " such as the record shows that the court dealt with in this department in *Kuhlbarsch* v. *Sauter* (254 App. Div. 929). In a sense, the instant transfers of property may have been " real;" but I cannot avoid the conclusion that they were not actual *inter vivos* transfers in the normal course recognized by the common law but were transfers coupled with such reservations that they were really testamentary in character for under them and in spite of them the decedent husband retained until his death substantially all the benefits, emoluments and privileges derivable from his property had the transfers not been made. And the fact that I detect in these transactions a design to deprive the wife of her lawful property rights after her husband's death seems to me to add to the unlawfulness of the transfers so far as the widow is concerned.

I have examined many cases dealing with this general subject including — so far as the bank account is concerned — *Murray* v. *Brooklyn Savings Bank* (169 Misc. 1014) and *Matter of Totten* (179 N. Y. 112, decided in 1904, long before sections 18 and 83 of the Decedent Estate Law were the law).

Plaintiff has proved to my satisfaction that these transfers were not valid, immediate, *inter vivos* transfers; that they were " unreal and illusory " within the contemplation of the opinion in *Newman* v. *Dore* (*supra*), and that as to the bank account " the presumption arising from *Matter of Totten* yields to the rights of the widow under section 18 of the Decedent Estate Law." (*Murray* v. *Brooklyn Savings Bank, supra*, p. 1022.)

I find that plaintiff is entitled to the relief demanded in her complaint, with costs against all defendants except Buffalo Savings Bank, which is a stakeholder. Proposed findings of fact and rulings of law (Civ. Prac. Act, § 471) may be presented to me or or before June 16, 1939, upon which date the case will be regarded as submitted.