FRANK BRINDISI, Respondent, v. PETRINA STALLONE and WILLIAM REICH and PETRINA STALLONE, as Administrator, etc., of FRANCISCO STALLONE, Appellants.— Action for specific performance of a contract made by defendants' decedent to leave upon his death all his property to plaintiff. Judgment reversed on the law and the facts and the matter remitted to the Special Term to take further proof in accordance with this memorandum, with costs to abide the event. For the purpose of the further hearing, all findings of fact are reversed and conclusions of law disapproved. There was ample proof upon which to make a finding that the contract sought to be specifically performed was, in fact, made. However, there is no proof in the record as to the amount of the estate. There should be such proof and findings thereon in order to determine whether or not the amount of the estate is such, under section 83 of the Decedent Estate Law, that it is or is not necessary to bring in additional parties (heirs of the decedent) by order of the court, under section 193, subdivision 3, of the Civil Practice Act, so that title to the real property involved may not be adversely affected. The judgment properly confined the widow's interest to her exemption rights under section 200 of the Surrogate's Court Act. When the present widow married the decedent in 1931, at which time the present provisions in the Decedent Estate Law were operative, the decedent prior thereto, in good faith, had obligated himself, for a valuable consideration, to leave all his property to the plaintiff. The present widow, therefore, married the decedent under circumstances that were equivalent to marrying a man who possessed no property that was subject to devolution at his death. The widow, under the statute, had only an expectant interest which was subject to the contingency that the decedent had not in good faith sold or given away or completely encumbered his property in his lifetime. Here, in good faith, prior to his marriage to the present widow, he had obligated himself to plaintiff so as to deprive any one else of the right to enjoy his property. Therefore, nothing was possessed by the decedent to which the otherwise expectant interest of the widow could attach. The same would be true if, instead of this contract obligation to convey all the property to the plaintiff, there had existed a debt in a sum greater than the decedent's entire estate. The provisions in the Decedent Estate Law for the benefit of a surviving spouse attach only to such property of a decedent as remains after performance of his obligations and payment

of his debts, assuming, of course, that good faith is present throughout. (*Newman* v. *Dore*, 275 N. Y. 371.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.