EMMA SCHNAKENBERG, Plaintiff, *v.* CHARLOTTE SCHNAKENBERG, Individually and as Administratrix C. T. A., etc., of HENRY A. SCHNAKENBERG, Deceased, and Others, Defendants.

Supreme Court, Special Term, Kings County, April 11, 1941.

*Max Frank,* for the plaintiff.

*Wren & Schmid,* for the defendant Charlotte Schnakenberg, etc., and the Kings County Trust Company.

*Stewart & Shearer,* for the defendants New York Public Library and Astor Lenox Tilden Foundations.

*Budd, Bertine & Quencer,* for the defendant The Church Mission to Deaf-Mutes.

STEINBRINK, J. These are motions to dismiss the complaint as insufficient in law.

The material facts admitted for the purpose of these motions may be summarized as follows: In September, 1938, Henry A. Schnakenberg died leaving him surviving as his only next of kin his widow, the plaintiff herein, and his sister, Charlotte Schnakenberg. On June 22, 1939, the decedent's last will and testament, dated July 7, 1926, was admitted to probate by the Surrogate's Court of Kings County. The will made no provision for the plaintiff, but bequeathed more than half of the estate to a charitable institution. The defendant Charlotte Schnakenberg applied for and obtained appointment as administratrix *c. t. a.* The only property of the decedent's estate administered by the defendant Charlotte Schnakenberg has been income amounting to less than $400 due to the decedent at the time of his death under a trust fund created by an alleged deed of trust dated August 19, 1931,

which had been executed and delivered by the decedent to the Kings County Trust Company as trustee without the plaintiff's knowledge and consent. From the deed, a copy of which is annexed to the complaint, it appears that the decedent transferred his entire estate, consisting solely of personal property, in trust to pay the income thereof to the settlor during his life, then to his sister, Charlotte Schnakenberg for life, and upon her death to pay the principal to the defendant the Church Mission to Deaf-Mutes. The settlor reserved the right to revoke the trust in whole or in part, to withdraw moneys or property therefrom, to alter or modify the terms of the trust, and to change the beneficiaries. The trustee was given power in its sole discretion to apply part of the principal to provide for the proper support and comfort of the settlor. It is alleged that from the date of the execution and delivery of the trust deed to the date of his death the decedent did in fact exercise full right of ownership and control over his property so transferred.

The plaintiff's contention is that the purported transfers in trust were illusory and, therefore, ineffective to deprive the plaintiff of her expectant estate or interest in her deceased husband's property. (*Newman* v. *Dore*, 275 N. Y. 371.) In that case the testator died leaving a will dated May 5, 1934, which contained a provision setting up a trust of one-third of his property for his wife for her life. Three days before his death the testator executed trust agreements by which he transferred all of his property in trust in favor of beneficiaries other than his wife. Under these agreements the settlor reserved to himself a life income, the right to revoke the trust at will and the right to control generally exercise of the powers granted to the trustee. The court held that the transfers in trust were illusory and not real and were consequently ineffective to defeat the contingent expectant estate of the settlor's surviving spouse, under sections 18 and 83 of the Decedent Estate Law.

The defendants assert that the authority of this decision is confined to those cases where a will dated subsequent to September 1, 1930 (the date of the enactment of section 18 of the Decedent Estate Law), has been admitted to probate. They assert further that the trust agreement in suit, unlike the one before the court in *Newman* v. *Dore* (*supra*), was real and not illusory and effected a complete transfer of the decedent's property during his life. ·

A careful reading of the opinion in *Newman* v. *Dore* (*supra*) will disclose that the decision did not turn on the fact that a will executed after September 1, 1930, had been admitted to probate. Section 18 of the Decedent Estate Law gives to a surviving spouse a right of election to take against the will his or her share of the

estate as in intestacy. Section 83 directs the manner in which an intestate's estate shall be distributed. The court, in adverting to these sections as a source of the surviving wife's contingent and expected interest or estate in her husband's property, made it clear that by reason of the trust provided in the will admitted to probate the wife had no right of election. The court found that the settlor's purpose in executing the trust agreement " was to provide that at his death his property should pass to beneficiaries named in the trust agreement to the exclusion of his wife." It was pointed out that the settlor could not by testamentary disposition accomplish what was attempted by the trust agreement, because had there been a later will executed by the decedent it would have been subject to his wife's rights under section 18. The question before the court was whether the decedent had accomplished his purpose by creating a trust during his life. It will thus be seen that section 18 was adverted to, not because a will dated after September 1, 1930, had been admitted to probate, but as the source of the wife's contingent interest which was sought to be destroyed by the trust agreement.

From the complaint now before the court it appears that the will of the decedent executed prior to September 1, 1930, bequeathed more than one-half of his estate, after payment of his debts, to charitable corporations in violation of section 17 of the Decedent Estate Law. As a result any excess above the statutory amount would have passed as intestate property in which the plaintiff would have an interest under section 83. The decedent's purpose in executing the trust agreement may have been to deprive the plaintiff of this contingent interest. If so, he could not accomplish it by testamentary disposition. And so the problem in this case, as it was in *Newman* v. *Dore* (*supra*), is whether he could accomplish it by the trust agreement.

The defendants cite the case of *Murray* v. *Brooklyn Savings Bank* (258 App. Div. 132) in support of their contention that a right of election under section 18 is necessary to a successful attack on the transfer. In that case the decedent died intestate leaving him surviving his widow, two sisters and several nephews and nieces, who were entitled to share in his intestate estate. Subsequent to his marriage the decedent created seven " Totten Trusts." The widow attacked these trusts as illusory. The Special Term agreed with her, holding that they were subordinate to her rights under section 18 of the Decedent Estate Law. (169 Misc. 1014.) The Appellate Division, while holding that the trusts were illusory within the meaning of *Newman* v. *Dore* (*supra*), nevertheless, by a divided court (MARTIN, P. J., dissenting), reversed the judgment

of Special Term on the ground that the widow had no standing under section 18 since the decedent had died intestate. The court held that the widow was in no position to complain of the "Totten Trusts," even though they resulted in a depletion of the decedent's estate. *Newman* v. *Dore (supra)* was distinguished on the ground that in that case "the decedent had left a last will and testament which gave to the widow a standing under section 18 of the Decedent Estate Law" (p. 134).

This court fails to recognize the suggested distinction, for in *Newman* v. *Dore (supra)* Judge LEHMAN was careful to note that by reason of the provision of the will there admitted to probate "the statute did not give the wife a right of election to take her share of the estate as in intestacy" (p. 375). Her right of election would have come into being only if her husband had sought to accomplish by testamentary disposition what he attempted to accomplish by trust agreement.

The determination of the Appellate Division in the *Murray* case has not been submitted to the Court of Appeals for review. From the plaintiff's brief it appears that the action has been adjusted and settled.

It is this court's duty to follow the ruling of the Court of Appeals and hold that the plaintiff herein is in a position to complain of the trust, although she had no existing right of election under section 18 of the Decedent Estate Law.

Whether or not the trust agreement in suit and the transfers thereunder were real or illusory depends in turn upon whether the decedent intended in good faith to divest himself of ownership of his property. This involves a question of fact not to be resolved on a motion directed to the sufficiency of the complaint.

The motions are accordingly denied.