DICK, ADMX., APPELLANT, v. BAUMAN ET AL., APPELLEES.

(No. 406—Decided June 21, 1943.)

*Mr. Harry E. Garn* and *Mr. R. A. Hunsinger,* for appellant.

*Mr. A. L. Hyzer* and *Mr. C. A. Culbert,* for appellees.

CARPENTER, J.   When Shakespeare's King Lear was about to divide his property among his three daugh-

ters he assigned as the reason that he might "unburthen'd crawl toward death."

Men and women have been doing this since human history began, and Harry Lilley's case, which is here on appeal on questions of law and fact, is not an unusual one.

Twice a widower, with three children by the first marriage, in 1930 he married Anna Stine, a childless widow. On May 31, 1941, they were both aged and in poor physical health and her mind impaired so much that she was that day adjudged an incompetent and a guardian of her person and estate was appointed.

On June 4, 1941, Mr. Lilley, by warranty deed, conveyed all of his real estate to his three children and assigned to them his bank accounts, about $1,500. This was all the property he possessed and he had no creditors.

On November 15, 1941, Harry Lilley died. Anna Lilley died intestate February 8, 1942, and plaintiff, Catherine Dick, was appointed administratrix of her estate. As such, she brought this action alleging that the Lilley deed was given without consideration and was "a fraud on the marital rights" of her decedent. She prayed that it be set aside, that the property be sold and that she be given her decedent's distributive share, year's support, exemptions and other claims against the proceeds as property of the estate of Harry Lilley.

The answer denied that the deed was without consideration, and alleged that on the grantor's death his widow "became endowed with an estate for life in one-third of said real estate," but that "upon her death (she) lost any right or claim that she might have had therein." The only consideration proven was the subsequent oral promises of the grantees to see that the

grantor and his wife were cared for as long as they lived.

While the Probate Code Act of 1932 enlarged the share of a surviving spouse in the real estate of the one predeceased in lieu of the former dower, it placed no new restraints upon the rights of one in life to dispose of his or her property, and only preserved to the survivor a vested dower estate in any lands conveyed during the marriage in which such survivor had not relinquished or been barred of dower. (Section 10502-1, subdivision (a), General Code), and if conveyance was made in fraud on the survivor, only a dower interest remains (Section 10502-6, General Code). *Newman* v. *Dore*, 275 N. Y., 371, 9 N. E. (2d), 966, 112 A. L. R., 643, and note following. In *Ward* v. *Ward,* 63 Ohio St., 125, 57 N. E., 1095, and other decisions cited by plaintiff, it was only the unrelinquished dower interest that was protected.

Section 10509-54, General Code, provides for the twenty percent exemption right, and Section 10509-74, General Code, makes provision for the year's support of a widow, but these only contemplate payments from the estate of the husband, and no right to either arises until his death leaving an estate. *Lockwood* v. *Krum,* 34 Ohio St., 1. They were not debts of Harry Lilley on June 4, 1941, when the deed was executed and delivered.

The dower interest Anna Lilley had in the real estate in question was a personal right to her which she could have asserted during her lifetime. That this did not survive to her estate is indicated by Section 12008, General Code, in the chapter on assignment of dower, which provides in part:

"When a plaintiff dies before the assignment of dower, or before entry of the final judgment, the action may be revived in the name of the executor or adminis-

trator. The court shall proceed to hear and determine, if not before decided, whether the plaintiff was entitled to dower in such action. If found so entitled, it shall adjudge in favor of such executor or administrator a sum equal to one-third of the rental value of the real estate in which the plaintiff was entitled to dower, from the filing of the petition until death * * *."

As Anna Lilley in her lifetime did not sue to have her dower assigned, no part of her right to it survived to her estate.

The petition is dismissed at the cost of the plaintiff.

*Decree accordingly.*

LLOYD and STUART, JJ., concur.