**NEVILLE, Plaintiff-Appellant, v. SAWICKI, Exr. et al., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20094.   Decided November 5, 1945.

D. M. Bader, Cleveland, for plaintiff-appellant.
Connors & Clarke, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, P. J.

This cause comes to this court on questions of law.

The facts as presented by the record are not in great dispute. John A. Neville, now deceased, during his lifetime was the owner of an undivided one-half interest in a two-family house and lot at 7416 Harvard Avenue in the City of Cleveland. Up and until the death of his first wife in 1916, she was the owner of the remaining one-half interest in said property. There was a daughter born of said union who is now known as Mrs. Florence Champion, a defendant herein, who, upon the death of her mother, became the owner of her mother's share of said property, subject to the dower rights of her father.

John A. Neville married the plaintiff herein on June 22, 1929, and after their marriage they lived in the lower suite of the property on Harvard Avenue, as John A. Neville had done after the death of his first wife, until the time of his death.

The deceased collected the rents from the upper suite and paid all taxes and up-keep. No compensation was ever paid or accounting made to Mrs. Florence Champion for the use

of her interest in the property. On October 2, 1943, John A. Neville, by deed in which his wife did not join, deeded his remaining interest in the property to his daughter, Mrs. Florence Champion, without the knowledge of his wife.

On October 5, 1943, John A. Neville executed a will which was probated after his death but his wife elected to take under the law.

Appraisers were appointed in due course by the probate court and believing the one-half interest in the property was still in the name of the deceased, appraised such one-half interest as having a value of four thousand dollars. The total value of the estate, including the half interest in the house and lot on Harvard Avenue as shown by the inventory was $5818.50. Of this amount the appraisers found that $1163.70 was exempt from administration and $1300.00 was determined by the appraisers as and for the widow's year's allowance.

The widow did not learn of the transfer of the deceased's undivided one-half interest in the property to his daughter, Mrs. Champion, until after the will was probated. Item V of the will provided as follows:

"Item V: I do not doubt that some question may arise in the mind of my beloved wife, Amy, as to what has happened to our homestead property. I, therefore, believe that in fairness to her I should explain what has taken place. Before doing so, I wish her to further understand that I chose not to discuss this matter with her during my lifetime for the reason that I was fearful of serious misunderstanding arising between us. I have just learned recently that for the past twenty-seven (27) years, namely ever since the decease of my former wife, Anna, I had erroneously believed that the entire homestead was mine and I had treated it as my own, keeping for myself the net profits from the homestead, when in fact the same should have been equally divided with my daughter, Florence Champion, for the reason that I have learned that under the law that was in effect twenty-seven (27) years ago, my daughter, Florence Champion, received the one-half (½) interest in the homestead which had formerly belonged to my late wife, Anna. In computing one-half (½) of the net profits for the past twenty-seven (27) years, I found that to date my indebtedness to my daughter, Florence Champion, exceeds six thousand dollars ($6000.00).

I have implored her to accept in full settlement my interest in the real estate and trust that you, Amy my dear wife, will transfer to her your dower interest immediately upon my

decease, in order that some semblance of justice would result. It is for this reason that I have made my will in this manner."

Thereupon, this action was instituted by the plaintiff seeking either to set aside the transfer of said property or to impress a lien on said real estate to the extent of her year's allowance, the amount of the estate exempt by law from administration, the amount of her dower interest therein and her distributive share.

The petition alleges that said deed was without consideration, was procured by undue influence and also that the deceased was of unsound mind and therefore incapable of deeding said property to Mrs. Champion. There is, however, no evidence in the record to support the plaintiff's claim either of duress or incapacity. The evidence on the question, whether the deed was given upon a valuable consideration or was a gift, is in conflict and the finding of the court against the plaintiff on this issue is certainly supported by credible evidence. This leaves but one question for our consideration. That is: Can a husband dispose of his real or personal property, either by gift or otherwise, without his wife's knowledge or consent, so that it will be free from a claim of the wife, upon the decease of her husband, for a year's allowance as provided by §10509-74 GC; for the amount exempt from administration as provided by §10509-54 GC; for the amount of her distributive share as provided by §10509-55 GC, and for dower under §10502-1 GC?

Except for plaintiff's claim for dower which was sustained, the trial court found for the defendants upon these claims.

It has long been the established law of this state that a husband may dispose of his personal property without his wife's consent.

In the case of **Mark v Mark et al, 145 Oh St 301**, the sixth paragraph of the syllabus provides:

"6. A husband may dispose of his personal property during his lifetime without the consent of his wife."

Likewise, the first paragraph of the syllabus in **Bolles v Toledo Trust Company, 144 Oh St 195**, holds:

"1. A husband may dispose of his personal property during his lifetime without the consent of his wife; but a husband may not bar his widow of her right to a distributive share."

Were it not for the provisions of §§10502-1 and 10502-6 GC the rule would be the same with regard to real property.

Sec. 10502-1 GC provides:

"A spouse who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort, except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein." * * *

"Wherever dower is referred to in any other section of this Act (§10500-1 to §10512-25 GC) it shall mean the dower to which a spouse is or may be entitled by the provisions of this section."

Sec. 10502-6 GC provides:

"If a husband or wife gives up real property by collusion or fraud, or loses it by default, the widow or widower may recover dower therein."

These two sections express the limit of the right of a widow in the real property of a deceased husband which was disposed of during his lifetime in which such widow did not relinquish her dower, or where such property was given up by collusion or fraud or was lost by default.

In the case of **Dick, Admrx., v Bauman, 73 Oh Ap 107,** Harry Lilley who had been married twice before, married Ann Stine who was a childless widow. On May 31, 1941, Ann Stine Lilley was adjudged incompetent and a guardian was appointed of her person and estate. Mr. Lilley had three children of his first marriage. On June 4, 1941 being in poor health, he deeded his real estate to his three children and assigned to them his bank account of $1500.00. This was all the property he possessd. He had no creditors. Mr. Lilley died Nov. 15, 1941. Ann Lilley died Feb. 8, 1942 and the plaintiff was appointed administratrix. She brought this action alleging that the deed that Lilley executed, conveying all his real property to his children was without consideration, and was a fraud on the marital rights of his wife and prayed that said deed be set asde; that the property be sold and that she be

given the deceased wife's distributive share, year's support and exemptions out of the proceeds. The court found for the defendants. Paragraphs 1 and 2 of the syllabus are as follows:

"1. The probate code act of 1932 placed no new restraints upon the rights of one in life to dispose of his property, and preserved to the surviving spouse only a vested dower estate in any lands conveyed during the marriage in which such survivor had not relinquished or been barred of dower.

2. A widow is not entitled to have set aside as a fraud upon her rights a conveyance of real estate made by her husband to her children without consideration even though he left no property from which she could receive the exemptions provided for in §10509-54 GC, or the year's support mentioned in §10509-74 GC."

And on page 109 of the opinion the court says:

"While the Probate Code Act of 1932 enlarged the share of a surviving spouse in the real estate of the one predeceased in lieu of the former dower, it placed no new restraints upon the rights of one in life to dispose of his or her property, and only preserved to the survivor a vested dower estate in any lands conveyed during the marriage in which such survivor had not relinquished or been barred of dower. (Sec. 10502-1 subdivision 2, GC) and if conveyance was made in fraud on the survivor, only a dower interest remains (Sec. 10502-6 GC) Newman v Dore, 275 N. Y. 371, 9 N. E. (2d) 966, 112 A. L. R. 643 and note following. In Ward v Ward, 63 Oh St 125, 57 N. E. 1095, and other decisions cited by plaintiff, it was only the unrelinquished dower interest that was protected. Sec. 10509-54 GC, provides for the twenty percent exemption right and §10509-74 GC makes provision for the year's support of a widow, but these only contemplate payments from the estate of the husband, and no right to either arises until his death leaving an estate. Lockwood v Krum 34 Oh St 1. They were not debts of Harry Lilley on June 4, 1941, when the deed was executed and delivered."

The plaintiff in the instant case relies upon Rouston v Nevis, 60 Oh Ap 536, as supporting her claim to have the value of the deceased's former interest in the Harvard Avenue property included in the appraised value of the estate and to impress thereon a lien for her claim for dower, her year's allowance, exemptions and distributive share. A study of this case discloses that it is of no assistance to the plaintiff with regard

to her claim against the deceased's property for exemptions or a distributive share. It does conclude that the widow's right to a year's allowance for support being inchoate during the life of the deceased spouse, is therefore in the same position as a creditor of the deceased. Having thus found the widow to be a creditor of the estate to the extent of her statutory right to a year's allowance, her right to impress a lien on the property was based on the theory that the gift of all the property of the deceased constituted a constructive fraud on his creditors. The facts in the instant case can be distinguished from those of the Rouston case in that in this case the court, under the evidence would be justified in finding that the property was deeded upon good and sufficient consideration while in the Rouston case the transfer to the trustee was a gift. In this case there is no evidence that the purpose of the deceased was to prevent the plaintiff from sharing in his estate, while in the Rouston case this was clearly the purpose.

In this case the grantee became the absolute owner of the property without reservation, while in the Rouston case the settlor was to have the income from his property for life. In this case the deeding of the Harvard Avenue property to the defendant, Florence Champion, did not divest him of all his property, while in the Rouston case the settlor divested himself of all that he owned.

These differences might become important were we to assume that the court in the Rouston case was correct in its finding that the widow was a creditor of her husband during his life-time as to the statutory obligation requiring the payment of a year's allowance out of the property owned by him during his lifetime, after his death. But that such is not the law seems clear by a reading of the statute creating the right of a widow to have set off to her by the appraisers of her deceased husband's estate an amount for a year's support. Such right as is provided for in §10509-74 GC has no legal effect until the death of the husband. A wife is not a creditor of her husband to the extent of what may become her right to a year's allowance out of his property after his death.

We conclude therefore that the judgment of the Common Pleas Court was correct and it is therefore affirmed.


LIEGHLEY, J., and MORGAN, J., concur.