William J. Regan, S.
This proceeding was instituted originally as a discovery proceeding to recover certain personal property claimed to be withheld by the respondent, Joseph Sarnowski. The property in question consisted of a joint savings account in the sum of $701.36.
At the commencement of the hearing herein petitioner elected to abandon the discovery proceeding and claimed title to the joint account in question by virtue of a right of election exercised by petitioner pursuant to EPTL 5-1.1. It is petitioner’s contention that the entire proceeds of the joint account should be. turned over to the estate as an estate asset subject to statutory exemptions and distribution by reason of her right of election.
The parties herein have by stipulation agreed that the deceased, Prank Sarnowski, created a joint savings account on September 17, 1968, the proceeds of which would be payable to himself or to his brother, Joseph Sarnowski, or the survivor. It was also stipulated that the deceased died leaving no estate assets to be administered. The account was established with decedent’s personal funds.
Decedent died on November 6, 1968. The proceeds of the joint account were withdrawn by the respondent, Joseph Sarnowski, on November 8, 1968. While the sum of money herein involved is a very minimal amount the question presented is one of first impression and is the first case to be presented to this court involving the application of the right of election by a surviving spouse, as the statutes pertaining thereto were clarified and amended as of August 31,1966. Under the circumstances, the court deems this matter of such importance that careful review should be given to the applicable sections in question. There is no doubt that this will be one of many questions in the area of inter vivos transfers that will confront this court in the future.
Section 18 of the Decedent Estate Law, effective 1930, granted to a surviving spouse a personal right of election against a will to take his or her share as in intestacy where the will otherwise failed to provide the widow with prescribed statutory benefits. Prior to section 18 a decedent could effectively exclude a wife or husband from the share of the estate that would pass *588 to her or him in the ease of intestacy. Inter vivos transfers often defeated the effectiveness of section 18. In the face of much litigation the courts adopted a policy of setting aside transfers that were determined to be “illusory” in that the deceased did not completely divest himself of ownership or control. (Newman v. Dore, 275 N. Y. 371.) The right of the surviving spouse to take her intestate share did not otherwise extend to property which decedent had effectively transferred prior to his death. Problems further arose where inter vivos transfers were effected by a deceased who died intestate, thus leaving a surviving spouse without the protection of section 18. (Burns v. Turnbull, 266 App. Div. 779, affd. 294 N. Y. 889.) In those cases where the inter vivos transaction was determined to be “ illusory ” and intended to defeat the spouse’s expectant rights the said transaction was otherwise valid as to any remainder that might be left after satisfying the spouse’s interest.
The problems encountered under former section 18 accordingly paved the way to the enactment of sections 18-a and 18-b which became effective September 1, 1966 and which were subsequently embodied in EPTL 5-1.1. The purpose of the new legislation was to avoid a great deal of litigation that then existed in this area. How much of this litigation will be reduced in the future by reason of the said legislation remains to be seen. Generally the right of election provisions were expanded to apply to intestacy. EPTL 5-1.1 (subd. [c], par. [2]) provides as follows:
“ Where, after August thirty-first, nineteen hundred sixty-six, a person dies intestate as to all or any part of his estate, and, in the case of part intestacy, executes a will after such date, and is survived by a spouse, a personal right of election is given to the surviving spouse to take a share of the testamentary provisions made by the decedent, as such provisions are defined in subparagraph (1) (0), subject to the following:
“ (A) The share of the testamentary provisions to which the surviving spouse is entitled hereunder is his elective share, as defined in subparagraphs (1) (A) and (B), reduced by the capital value of all property passing to such spouse (i) in intestacy under 4-1.1 (ii) by testamentary substituted as described in subparagraph (b) (1) and (iii) by disposition under decedent’s last will.
“(B) The satisfaction of such elective share shall not reduce the intestate share of any other distributee of the decedent.”
As concerns the balance remaining in the account after the share to which the surviving spouse is entitled has been *589 deducted, EPTL 5-1.1 (suM. [d], par. [1]) provides as follows:
“ (d) General provisions governing right of election.
‘ ‘ (1) Where an election has been made under this section, the will or other instrument making a testamentary provision, as the case may be, is valid as to the residue after the share to which the surviving spouse is entitled has been deducted, and the terms of ,such will or instrument remain otherwise effective so far as possible. ’ ’
That the account here in question is a testamentary substitute as defined under EPTL 5-1.1 and subject to the widow’s right of election is established by 5-1.1 (subd. [b], par. [1], cl. [C]):
“ (b) Inter vivos dispositions treated as testamentary substitutes for the purpose of election by surviving spouse.
# # *
“ (C) Money deposited after August thirty-first, nineteen hundred sixty-six, together with all dividends credited thereon, in the name of the decedent and another person and payable on death, pursuant to the terms of the deposit or by operation of law, to the survivor, with a banking organization, savings and loan association, foreign banking corporation or organization or bank or savings and loan association organized under the laws of the United States, and remaining on deposit at the date of the decedent’s death.”
Under the circumstances, without delving further into the applicable provisions of the EPTL and bearing in mind that the deceased left no property passing through his estate for distribution or exemptions; that the deceased died leaving no children and that the elective share of the widow is not to exceed one half of the estate, it is the opinion of this court that the maximum amount that the widow could succeed to is one half of the joint account in question.
It is accordingly the decision of this court that 50% of the joint account in question be turned over to petitioner as her elective share herein and that the balance of said account be retained by respondent.