William J. Regan, S.
The surviving spouse claims that an inter vivos disposition made by her husband January 6, 1969 amounted to a testamentary substitute within the definition of EPTL 5-1.1 and accordingly should be included in her elective share.
On that date decedent signed a withdrawal slip for the full $15,569.46 balance of his individual savings account, and at the same time his daughter signed a signature card opening a new account at the same bank entitled “ Charlotte A. Vinolus as trustee for Walter Pawlik.” According to the bank ledger card the initial deposit in the latter account was in the same amount that the decedent withdrew, and all parties stipulated that the Totten Trust was funded with decedent’s money.
In the absence of any claim of gift causa mortis this transaction did not amount to a testamentary substitute. One of the ‘1 testamentary substitutes ’ ’ defined by statute relates to money deposited “ in the name of the decedent in trust for another ”. (EPTL 5-1.1, subd. [b], par. [1], cl. [B].) Here, however, we have the reverse situation, where money is deposited in the name of another in trust for decedent, and this certainly is not one of the statutory testamentary substitutes. The statute defines certain other types of inter vivos dispositions as being nontestamentary substitutes. (EPTL 5-1.1, subd. [b], par. [2].) Accordingly there is no justification to extend the statutory definition to cover a factual situation such as the one above outlined.
In a separate transaction, decedent set up a joint bank account with his daughter, and all parties concede this must fall within the elective share (to the extent, however, of only one third and not one half as contended by the surviving spouse). This is so even though this is an intestate estate (Matter of Sarnowski, 59 Misc 2d 586).