[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The Plaintiff in this matter, Jane Sylvia Barrett, is the widow of Horace M. Barrett (the "decedent"), who died testate on January 24, 2003. The decedent is the father of the defendant co-trustees, Mark H. Barrett and Karen B. Monahan (the "defendants").
On February 22, 2000, the decedent conveyed to himself, by quit-claim deed, his Prudence Island property "for life with full power to sell, mortgage, convey, or otherwise encumber the life estate and remainder, with remainder to Mark H. Barrett and Karen B. Monahan, as Trustees of the Horace M. Barrett Trust of February 22, 2000." This deed was received for recording by the Portsmouth Town Clerk on March 22, 2000, and duly entered on that date in Book 631, Page 215.
Plaintiff contends that this "purported" conveyance is illusory, invalid, and does not operate to deprive her of her statutory right to a life estate in the property. She requests this Court to enter judgment declaring that aforementioned transfer insufficient to defeat said right to a life estate. Defendants respond that plaintiff has no entitlement to a life estate because the decedent did not own the property in fee simple at the time of his demise. The underlying conveyance of the life estate by decedent to himself, defendants assert, divested him of fee simple ownership and thereby engaged the application of R.I. Gen. Laws 1956 § 33-25-2(b). That subsection effectively blocks the life estate of a surviving spouse — granted by subsection 33-25-2(a) — should a property owning spouse convey the real estate prior to his death and record the event in land evidence records. Despite the existence of a duly recorded deed transferring a life estate to decedent, plaintiff asserts that the ownership of the property remained the "functional equivalent of fee simple."
The quit-claim deed provides, in pertinent part, that Horace M. Barrett "grants and conveys to Horace M. Barrett of 0421 Homestead Avenue, Prudence Island, Rhode Island, for life with full power to sell, mortgage, convey or otherwise encumber the life estate and remainder, with remainder to Mark H. Barrett and Karen B. Monahan, as Trustees of the Horace M. Barrett Trust of February 22, 2000."
Significantly, subsection (b) of R.I. Gen. Laws § 33-25-2 was enacted two years after our Supreme Court's decision in Pezza v.Pezza, 690 A.2d 345 (R.I. 1997). In that case, decedent husband had transferred his real estate to an irrevocable trust for the benefit of his children by a previous marriage. The Supreme Court in Pezza determined that a property owning spouse's transfer of real estate to an inter vivos trust could defeat the survivor's statutory right to a life estate. Looking to other jurisdictions, our Court articulated two tests employed to assess the validity of the transfer, i.e., the "fraudulent transfer" test and the "illusory transfer" test. As to the former, the Court must examine if the property owning decedent spouse had an intent to defraud the survivor of his or her statutory entitlement. Factors to consider include "if the transfer was made without consideration; the size of the transfer in relation to the [spouse's] total assets; the time between the transfer and the [spouse's] death; relations which existed between the husband and wife at the time of the transfer; and the source from which the property came." Id. at 348 (quoting Sherrill v. Mallicote,57 Tenn. App. 241, 417 S.W.2d 798, 802 (Tenn. Ct. App. 1967)). The second test of "illusory transfer" centers not on the decedent's intent, but whether the decedent had "in good faith divested himself [or herself] of ownership of his [or her] property or had made an illusory transfer." Id. at 348-349 (quoting Newman v.Dore, 275 N.Y. 371, 9 N.E.2d 966, 969 (N.Y. 1937)).
In Pezza, our Supreme Court explicitly adopted the illusory transfer test as the proper test to be utilized in determining whether a decedent spouse's inter vivos transfer of real property is sufficient to defeat a surviving spouse's statutory share pursuant to R.I. Gen. Laws § 33-25-2(a). At the time of that holding, subsection (b), which exempts inter vivos transfers comporting with statutory requirements, had not yet been enacted.
In Pezza, the decedent had totally divested himself of the right to revoke the trust in which the property was reposed. That divestiture and the decedent's "then-present donative intent" established the trust as "complete, valid, and real. Id. at 350. The decedent transferor in the instant case did retain the power of revocation and amendment. In fact, less than one month after the creation of the trust, decedent/settlor amended the instrument so as to totally exclude plaintiff from a share in the residuary trust estate. The amendment directed the trustees to satisfy any specific monetary bequest in decedent's will in favor of the plaintiff. In the will, which predated the creation of the trust, the bequest to plaintiff escalated conditionally in tandem with the number of years of plaintiff's marriage to decedent. The testator noted that the "relatively small size of the bequest" did not reflect his "lack of regard or affection" for plaintiff, but, rather, his "prior obligation to the children and grandchildren of [his] first wife," as he "felt that 50% of the estate was hers." (Plaintiff's Exhibit Fourth, "Last Will and Testament of Horace Mitchell Barrett" (Jan. 13, 1999)). In the final paragraph of the will, decedent bequeathed plaintiff a life estate in the marital residence, not to exceed one year after the date of his own death.
Plaintiff is now urging the Court to find that the decedent's control over the subject premises was inconsistent with a "mere life estate," but, rather, was "the functional equivalent of fee simple ownership." In Plaintiff's opinion, the deed "changed nothing" and is repugnant to the granting clause with its design to reduce a fee simple estate to a life estate. Moreover, plaintiff claims because decedent's divestiture of ownership was incomplete and because he retained control over the premises; she claims the premises never became part of the trust corpus. The deed, therefore, is subject to the "illusory transfer" test, in plaintiff's estimation. This test, as set forth in Newman v.Dore, supra, invalidates transfers in which the spouse neglects to divest himself or herself of ownership of the property in good faith. Thus, where the decedent retains the right to receive trust income for life, the power to revoke the trust, and the right to control the trustees, the transfer could potentially be declared "illusory."
Here, Mr. Barrett reserved to himself the "power to sell, mortgage, convey, or otherwise encumber the life estate and remainder." He did not, however, reserve to himself the power to encumber or alienate the property which was the corpus of the trust. The term "remainder" connotes "a remnant of an estate in lands or tenements expectant on a particular estate, created at the same time as the estate." 28 Am. Jur.2d Estates § 218 (2000). This reserved power is not tantamount to a full estate in the property. Even if one accepts the argument that the decedent reserved the authority to convey the remainder to himself, he never exercised the "authority." Until such an event, it cannot be said that the separation of estates, effected by the quit-claim deed, was reversed and that title merged in decedent.Cf. 76 Am. Jur.2d Trusts §§ 33, 34 (1992).
With regard to assessing the validity inter vivos trusts which operate to defeat a survivor's share in an estate, it must be noted that the "application of the retention of control approach has been criticized as disturbingly illogical." Note, EstatePlanning: Validity of Inter Vivos Transfers Which Reduce orDefeat the Surviving Spouse's Statutory Share in Decedent'sEstate, 32 Okla. L. Rev. 837, 843 (1979). This Court cannot accept the proposition that an inter vivos transfer, in order to be valid, must constitute a complete divestiture of the grantor's interest in the property. There must, of course, be a "then present" intent by the grantor to transfer an interest. In this case, the testamentary bequests and the trust disposition of the property and assets clearly evince the donative intent of the decedent.
Moreover, the state statutory scheme sanctions the conveyance of property by a property owning spouse, and out of the life estate, as long as the attendant requirements are adhered to. As noted in Pezza, the statute creates only an expectancy interest in the surviving spouse, which does not vest until the property owning spouse dies and unless the subject property is owned by the decedent in fee simple.
Here, the decedent made a valid transfer to an inter vivos trust and properly recorded the conveyance in the land evidence records. He effectively and lawfully divested himself of a fee simple, leaving no life estate for his widow to inherit. Therefore, the Court is compelled to enter summary judgment in defendants' favor. Counsel for the defendants shall prepare an appropriate order.