WILLIAM P. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8929. Promulgated April 30, 1947.

*Albert L. Russel, Esq.,* and *Leonard A. Weakley, Esq.,* for the petitioner.

*John O. Durkan, Esq.,* for the respondent.

924

**OPINION.**

Harlan, *Judge*: Respondent seeks to tax the income of the trust to petitioner under the provisions of sections 22 (a), 166, and 167, of the Internal Revenue Code. In support of his contention that the income is taxable under section 22 (a), he argues that the trust instrument did not establish a valid trust relationship and, if it did, the income is nevertheless taxable to petitioner under the rationale of *Helvering* v. *Clifford*, 309 U. S. 331.

We are not impressed with respondent's argument that a valid trust was not established. In this connection he stresses the provision in paragraph 1 of the trust instrument wherein the trustee, at the written request of petitioner during his lifetime, shall vary, alter, transpose, sell, and transfer the property held in trust, and substitute other investments which the petitioner may regard as suitable for the trust, and without regard to any statutory limitations prescribed for such

trust investments. Respondent states that because of this provision "title was in the petitioner as he alone had the power to deal with the securities as he saw fit." We do not agree with this statement. The rights and powers which petitioner, trustor, reserved in paragraph 1 to supervise, direct, and control investments and reinvestments of trust property are not unusual in trust instruments and do not render a trust, otherwise effective, nugatory. *Central Trust Co.* v. *Watt*, 38 N. E. (2d) 185; 139 Ohio 50; *Cleveland Trust Co.* v. *White*, 15 N. E. (2d) 627; 134 Ohio 1; *Pinckney* v. *City Bank Farmers Trust Co.*, 249 App. Div. 375; 292 N. Y. S. 835; *Van Cott* v. *Prentice*, 140 N. Y. 45; 10 N. E. 257. They have been held to be consistent with a valid trust. *Cushman* v. *Commissioner*, 153 Fed. (2d) 510; *Commissioner* v. *Donahue*, 128 Fed. (2d) 739, affirming 44 B. T. A. 329; *Ward Wheelock*, 7 T. C. 98; *Helvering* v. *Stuart*, 317 U. S. 154. The same is true of the provision in paragraph 1 that investments may be made "without regard to any statutory limitations prescribed for said trust investments," the obvious purpose of which is to permit the investment of trust funds in securities having a higher yield and a correspondingly higher risk than would be allowed by restrictive state statutes. All of the evidence convinces us that petitioner intended to and did create a valid trust by the instrument of November 10, 1919.

We next consider respondent's contention that the income of the trust is taxable to petitioner under the doctrine of *Helvering* v. *Clifford, supra*. In that case the Supreme Court held that "the benefits directly or indirectly retained blend so imperceptibly with the normal concepts of full ownership" that the husband should be treated as the owner of the trust property and taxed with its income. The determination of whether a trustor retains such control as approximates the substance of ownership depends upon the facts of each particular case. An examination of the trust instrument discloses that petitioner retained the power during his lifetime to control investments. By reason of this retained control he could direct the trustee to hold or dispose of certain property, and substitute other property for that sold or otherwise transferred. He possessed a possibility of reverter in the event his wife predeceased him. He retained the right to receive any income in excess of $800 per month, and the right to withdraw, in the event the value of the corpus exceeded $200,000, any portion of the corpus representing such excess.

The above listed benefits retained by petitioner do not in our judgment measure up to "the normal concepts of full ownership." To the extent that income of the trust in excess of $9,600 per annum was currently distributable to him, he reported it in his tax returns and paid the tax thereon. He was not entitled to withdraw any part of the

trust corpus during the taxable years, because its value did not exceed $200,000. There was only a remote possibility that the property might revert to him upon the death of his wife. His wife, and not he, benefited chiefly from his retention of control of investments, as she was the principal beneficiary of the trust. Under such circumstances, it could hardly be said that he retained "so many of the attributes of ownership" that he should be treated as owner. *DuPont* v. *Commissioner*, 289 U. S. 685. Many features common to *Clifford* trusts, such as short term, grantor naming himself to be trustee, retention of power to vote stock included in trust corpus, retention of power to alter, amend, or revoke the trust, retention of power to direct the accumulation of income or the withholding of income from beneficiary, and an attempt by the grantor by means of the trust to relieve himself of the obligation to support his family, are lacking. Our conclusion is that the entire trust income is not taxable to petitioner under the rationale of *Helvering* v. *Clifford, supra.*

In support of his contention that the income of the trust is taxable to petitioner under the provisions of section 166 of the Internal Revenue Code,[1] respondent points to the powers reserved in paragraphs 1 and 5 of the trust instrument. He urges that the powers reserved in paragraph 1 are similar to those reserved by the grantor in *Chandler* v. *Commissioner*, 119 Fed. (2d) 623, wherein the grantor had the power to direct the trustee to sell trust securities to himself at his own price, and the court held that the income of the trust was taxable to him under the provisions of section 166. We do not agree. Under the provisions of paragraph 1 the power of petitioner to direct the trustee to "vary, alter, transpose, sell and transfer" any part of the trust property is coupled with the requirement that the trustee "substitute therefor other investments which the donor * * * may regard as suitable for said trust." Thus the power retained by the grantor is by its very terms limited in its scope so that the property removed by sale or transfer must be replaced by similar property, and under the provisions of section 5 the trust corpus can not be reduced by any act of the grantor until the trust corpus exceeds $200,000 in value, and the trustee is to determine that value either by the market price of the securities or by his own appraisement. Thus, if petitioner

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

were to replace valuable securities for less valuable or worthless ones, as the respondent indicates he could do, he would be reducing the value of the corpus of the trust. Unquestionably either the trustee or the beneficiary could prevent such an abuse of power by the petitioner, even though the trust instrument itself excuses the trustee from legal control.

In *Carrier* v. *Carrier*, 123 N. E. 135, the trustor, who was also one of the trustees, reserved the power to direct the investment of the trust funds, and provided that the trustor in so acting should not be limited by the "rules governing investments by executors or trustees and the trustee shall follow his directions with regard to investments without question or demurrer." Judge Cardoza said of this release from legal control: "His discretion, however broad, did not relieve him from obedience to the great principles of equity which are the life of every trust."

Section 166 provides that where any part of the corpus is subject to being revested in the grantor, then the income of such part is taxable to him. The trust instrument clearly contemplates that no part of the corpus shall revest in petitioner unless the value of the corpus exceeds $200,000. The stipulation shows that at the institution of the trust and during both of the years involved in this proceeding the value of the corpus was well below that amount. Inasmuch as no part of the trust corpus could revest in the petitioner during the taxable years, no part of the trust income is taxable to him under section 166.

The Commissioner contends that this trust is taxable under section 167 of the code,[2] on the ground that the beneficiary was spending the income of the trust commingled with her own income and with an additional contribution made by the trustor to the trustee for the combined purpose of household maintenance, gifts, charitable donations, and the personal expenses of the beneficiary. He cites *Helvering* v. *Stuart*, 317 U. S. 154.

---

[2] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

  (a) Where any part of the income of a trust—

     (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

     (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

     (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

  (b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

It is our opinion that the facts in this case are not comparable to those in the *Stuart* case and much more nearly approach those in the case of *Henry A. B. Dunning*, 36 B. T. A. 1222. In that case the beneficiary voluntarily spent some of the money received from the trust for the support of the family and some of the married adult children. This Court held that the fact that the beneficiary used some of the trust income for the support of her own children and family did not necessarily constitute such expenditures as being intended to relieve the trustor of his legal responsibilities, but that they were more in the nature of gifts from the beneficiary to the members of her own family. The Commissioner attempts to distinguish the *Dunning* case from the case at bar, with which it is almost on all-fours, by saying that in the case at bar there was a tacit agreement between Anderson and his wife that these trust funds were to be used for family expenses. Our findings show that there was no such express agreement. We are also unable to imply any such agreement from the evidence, which merely shows that the petitioner's wife did actually use her own income to help defray the family expenses with the knowledge of her husband.

The Commissioner cites section 7997 of the Ohio General Code, which reads as follows: "The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so the wife must assist him so far as she is able," as militating against such a use of the wife's personal means. We can see no provision in this statutory section that would prevent the wife from agreeing to use her own funds if she so desired. The statute merely provides a rule of law to control when there is a disagreement or when a claim is made by outside parties who have furnished necessaries to the family.

It is therefore our conclusion that the entire income of the trust for the taxable years is not taxable to petitioner, and that he correctly included in his returns as taxable to him the income he actually received from the trustee.

Reviewed by the Court.

*Decision will be entered for the petitioner.*