OPINION. Hakeon, Judge-. Although the complete notice of deficiency is not before us so as to acquaint us with the reason which the Commissioner has given for his determination, we assume that he has included in the income of the petitioner’s decedent the trust income which was to be distributed currently to her, and was distributed to her, because of the provisions of section 162 (b) of the Internal Revenue Code. Under that section of the Code such income shall be included in the net income of the trust beneficiary. But the petitioner contests the determination of the Commissioner upon the allegation that the trust was a revocable trust within the meaning of section 166 of the Code. In general, section 166 provides that where the power to revest in the grantor of a trust title to any part of the trust corpus is vested in the grantor, or in any person not having a substantial adverse interest in the disposition-of the trust corpus or income, then the trust income shall be taxed to the grantor of the trust. Although it is unnecessary to do so, it is pointed out that William P. T. Preston, the grantor of the trust, is not a petitioner in this proceeding. Also, the record in the proceeding of Preston before the Board of Tax Appeals, which is mentioned in the findings of fact, was not introduced in evidence in this proceeding. Accordingly, we do not take judicial notice of that record. See B. F. Edwards, 39 B. T. A. 735. However, the parties have cited.the proceedings brought by Preston in the Board of Tax Appeals and in the United States Circuit Court of Appeals for the Second Circuit, and by the United States Trust Company in the Appellate Division of the Supreme Court of New York. The decisions in those proceedings are relevant to an understanding of the question in this proceeding. The New York court, in its opinion, has ruled upon questions of interests in property under New York law, in construing some of the terms of the trust, and this Court is bound by the Appellate Division’s decision upon the questions of property interests under local law which it decided. See Edward T. Blair, 31 B. T. A. 1188; reversed on another point, 83 Fed. (2d) 655; reversed, 300 U. S. 5 (affirming the Board of Tax Appeals). Therefore, in the findings of fact, facts have been found with respect to the decisions in the litigation which has involved the trust in question. The only question to be decided is whether the trust is a revocable trust under section 166 of the Code. Petitioner cites William P. T. Preston, 44 B. T. A. 973, as authority in support of her contention that the trust was a revocable trust, and that therefore the trust income is taxable to the settlor of the trust. That question was not before the Board of Tax Appeals in Preston’s case. And if petitioner stresses the rationale of the opinion in that proceeding, complete answer is found to such argument in Commissioner v. Sunnen, 333 U. S. 591, 68 S. Ct. 715, 723. The intervening litigation over the Alice Gwynne Preston trust has brought about “a change in the legal climate” from that which existed when Preston’s case was before the Board of Tax Appeals. The question of whether petitioner’s decedent is taxable on the trust income which she received is a question of Federal law. Blair v. Commissioner, supra; Freuler v. Helvering, 291 U. S. 35, 45. The question turns upon another question, namely, whether the trust was a revocable trust under section 166. It is concluded that the trust was not a revocable trust under the provisions of section 166. In arriving at this conclusion, the following is recognized: A court of the State of New York has held that Preston made a valid gift of cash in the amount of $125,000 to the trust; that the trustee made a valid loan, acting properly under the trust indenture, to Preston: that the loan was consideration for Preston’s “bond” under seal; and that Preston, or his estate, is legally obligated to repay the loan to the trustee. Since Preston, or his estate, is legally obligated to repay the loan to the trustee, he has not, either alone or in conjunction with any person not having a substantial adverse interest, revested the trust corpus in himself, and he may not do so. The holdings of the New York court constitute construction of certain provisions of the Alice Gwynne Preston trust under the law of New York which governs the construction of the trust. Turning now to the trust itself, it is observed that Preston did not retain, any power of revocation of the trust. He was not the trustee. The trustee was an independent corporate trustee. The broad powers of management and control granted to the trustee were for the benefit of the trust beneficiariés. The question in this proceeding is controlled by Estate of Benjamin Lowenstein, 8 T. C. 1133, 1137-1142. See, also, William P. Anderson, 8 T. C. 921, 925. There it was noted that any attempt by the trustee (in that case the grantor and the trustee were the same person) to mulct the trusts or waste their assets for the personal advantage of the grantor would violate the trusts and would be prohibited by New York law, and the following cases were cited: Carrier v. Carrier, 226 N. Y. 114; 123 N. E. 135; Heyman v. Heyman, 33 N. Y. S. (2d) 235; Osborn v. Banker's Trust Co., 5 N. Y. S. (2d) 211. Reference has been made in this proceeding to the Appellate Division’s decision in United States Trust Company v. Preston, 34 N. Y. S. (2d) 646, chiefly because there a local court has construed the trust indenture which is involved here in a way which is in harmony with the above cited decisions of New York courts. The Alice Gwynne Preston trust stands on even firmer ground than Benjamin Lowenstein’s trust. In the Lowenstein case, we distinguished the Chandler case (p. 1138) — Chandler v. Commissioner, 119 Fed. (2d) 623, affirming 41 B. T. A. 165, on the ground that Chandler “specifically reserved the power to direct the trustee to buy from or sell to himself, as grantor, at prices fixed by him.” (Emphasis added.) In the Alice Gwynne Preston trust, the trustee had complete discretion to determine how trust corpus should be invested, and it could decide either to purchase property — real or personal — or loan funds to Preston, the settlor; and, if it decided to make a loan to Preston, the terms thereof were within the discretion of the trustee, to be that which it deemed proper — not Preston. The-Appellate Division of the Supreme Court of New York has so construed the terms of the trust. The Chandler case is distinguishable from this proceeding. Petitioner relies upon William J. Garland, 42 B. T. A. 324, and Gordon M. Mather, 5 T, C. 1001, affd., 157 Fed. (2d) 680, certiorari denied, 330 U. S. 819. The Garland case followed the Chandler case. In the Garland case, it was found that there was “no requirement that loans made directly from the trust be repaid,” (p. 328). The Garland case is .distinguishable from this proceeding. The New York court has held that the loan to Preston must be repaid. The Mother case also followed the Chandler case, and the Garland case, on the point that the settlor of the trust “could have required the trustee to sell the trust assets or lend the trust funds to himself upon any terms he might hare named.” (Emphasis added.) We made that conclusion in the Mather case after saying: “For all that the trust agreements show, and we home no other evidence before us * * (Emphasis added.) As stated above, it lias been held by a New York court that the trustee of the trust involved here had uncontrolled discretion in the matter of investing trust corpus, or making loans to Preston; and Preston, or his estate, was legally obligated to repay the loan which was made, and pay interest. This proceeding is distinguishable from the Mather case. It follows from the above holding that the Alice Gwynne Preston trust was not a revocable trust under section 166, and that the trust income was not taxable to Preston, the settlor. It follows that the provisions of section 162 (b) are applied properly to the trust, and that, therefore, the trust income which was distributed in the taxable years is taxable to petitioner’s decedent. Respondent’s determination is sustained. Decision will be entered for the respondent.