Houck, J.
This is an action in partition which was originally commenced in the court of common pleas of this county, and is here on appeal from the judgment of that court.
*223 While the action is one in partition, yet the question for determination by this court is as to the true construction of items 2 and 3 of the last will and testament of John M. Blocher, deceased. These items read:
“Item 2. I desire the home property, business building and flats located at corner of High and Sandusky streets, in Mt. Vernon, Ohio, to remain in my name, as a part of my estate, for a period of ten years, unless my wife should die sooner, and desire that the same shall be managed by my executors hereinafter named, and from the proceeds arising therefrom, should the same be sufficient, and if not then from any property that I may leave, I direct my said executors to pay to my said wife, Malinda Blocher, the sum of three hundred dollars each and every year during her natural life, the same to be paid monthly, the same to be in lieu of her dower interest and distributive share in my estate.
“Item 3. At the end of said ten years, or at the death of my said wife, should she die before that time, I direct that my said executors shall sell said real estate, and from the proceeds arising therefrom divide the same share and share alike among my living children, or those that are living now, namely, Harry C. Blocher, Ida Blocher Trick, Bird Dixon, Clifford Blocher and Grace Rawlinson, and should any of said children die before the disposition of said property, then I desire that the children of any child so dying shall have the share of the child dying. However, it is my will, and I hereby direct that the share from the proceeds of said property going to my son Harry C. Blocher shall *224 be kept and managed by said executors, and the proceeds from the same be paid to my said son, and at the death of my said son Harry C. Blocher then I direct that said executors shall pay the said amount so held in trust for Harry C. Blocher to his two children share and share alike.”
So far as the facts in this case are concerned they were submitted on an agreed statement of facts entered into by and between the parties to the suit. We think it necessary to refer to but two of them, because for a proper determination of this cáse it is not necessary to consider more than these two, namely, that Malinda Blocher, the widow of John M. Blocher, elected not to take under the last will and testament of her said husband, and, second, that all of the allegations in the petition of plaintiff are true.
The first question to be determined is with reference to the proper construction to be placed upon item 2 of said will, in view of the election of the widow of John M. Blocher not to take under the provisions of his will. We must determine whether or not the renunciation of the widow has the effect of accelerating the enjoyment of the remaindermen.
It was a legal right extended to Malinda Blocher, the widow of John M. Blocher, to refuse to take under the provisions of his will, and in our. judgment this renunciation on the part of the widow terminated the trust created in item 2 of the last will and testament of John M. Blocher, deceased, and such act on the part of the widow accelerated the enjoyment of the devisees, because in the absence of any other disposition the property de *225 scribed in said item 2 passed intestate to the children of the testator, and said children took the property devised to them in item 2 as intestate property, subject, however, to the dower interest of the surviving widow therein.
The next question that ¡arises is as to whether or not the claim of counsel for Harry C. Blocher is well taken, namely, that by reason of the termination of the trust created in item 2, by the failure of the widow to take under the will, the trust created for Harry C. Blocher also becomes inoperative. To this doctrine and theory we can not subscribe. The trust estate created for the benefit of Harry C. Blocher was independent of and separate from any other provision contained in the will of John M. Blocher, and, as a matter of law, we find the trust estate created therein is not terminated.
Thus it must follow, from what we have already said, that in our judgment the plaintiffs are entitled to the relief prayed for in their petition, and partition is hereby granted, and this cause is hereby remanded to the common pleas court for execution of the judgment herein entered, and for further proceedings as required by law.

Judgment for plaintiffs.

Powell and Shields, JJ., concur.