MARGARET PINCKNEY, Appellant, *v.* CITY BANK FARMERS TRUST COMPANY and Others, Respondents.

Third Department, January 14, 1937.

*Benjamin Rowe* [*Harry H. Flemming* of counsel], for the appellant.

*Wingate & Cullen* [*Edward J. McDonald* of counsel], for the City Bank Farmers Trust Company, as trustee, etc., respondent.

*John M. Braisted*, for Edward Pinckney and others, respondents.

McNAMEE, J. Thomas DeWitt Pinckney created a trust in writing on July 2, 1928, and on June 23, 1930, made his will. By the trust agreement, and the supplement thereto, he " assigns, transfers, conveys and sets over unto the Trustee," personal property of the value of more than $40,000, " together with any and all additions thereto or substitutions therefor," in trust, to pay the net income to the settlor for life; and upon his death, if the trust be not revoked, from the corpus to set up other trusts and make distribution as therein directed. And in the trust instrument the

settlor reserves to himself the right to direct the retention and sale of securities, the issue of voting proxies, the right to add securities to the corpus, and to withdraw securities therefrom and substitute others, as well as the right to modify and revoke the trust. The instrument was not intended as a will, nor executed in accordance with the requirement of the statute of wills. There are no intervening rights of creditors.

By his will the founder gives the residue of property to his wife, and directs that the trustee be allowed and required to carry out the provisions of the trust theretofore committed to it.

This action was brought by a next of kin, not a beneficiary of the trust, to secure a decree declaring that the trust was testamentary in character, and, therefore void; that the founder died intestate as to the trust property, and directing that the trust property be distributed pursuant to the provisions of section 98 of the Decedent Estate Law. The complaint was dismissed. The appellant concedes that the trust was effective during the life of the settlor; but insists that the provisions to become effective upon his death were invalid. It is the contention of the appellant that the founder retained such complete dominion over the trust property that no interest was created in the beneficiaries thereof during his lifetime and accordingly, as to them, was a testamentary disposition of his property.

The trust agreement named the donor's wife and other relatives as beneficiaries, named City Bank Farmers Trust Company as trustee, attached to the trust agreement, as a schedule, the list of the securities which constituted the trust fund, and delivered the trust property to the trustee, which thereupon received the property, held it, and executed the trust with reference thereto, during the lifetime of the founder. Here we have the four elements essential to the creation of a valid trust, as enumerated by the Court of Appeals: (1) A designated beneficiary; (2) a designated trustee, who in this instance was not a beneficiary; (3) a fund sufficiently identified to enable title thereto to pass to the trustee; and (4) the legal assignment of the fund or the actual delivery thereof to the trustee, with the intention of passing title. (*Brown* v. *Spohr*, 180 N. Y. 201, 209.)

It is the duty of courts to seek out and learn the intention of founders of trusts as well as that of the makers of wills. There can be no reasonable doubt that Mr. Pinckney intended, by the terms of his declaration, to create a trust; and by the application of the test prescribed by the Court of Appeals he succeeded in his purpose. And the postulate of the appellant that, although the trust was valid during the life of the settlor, it was invalid as to the benefici-

aries, is untenable. Only one trust was created, and thereby only one legal unity came into being. It was not divisible into periods, one valid and effective while the settlor lived and benefited by it, the other vain and unavailing when he died. That was not the declared intention of the founder; such a construction would vitiate the carefully laid plan intended to serve his own convenience, and to carry out a beneficent design. A valid trust is an entity which becomes operative when adequately constructed, and continues to the end fixed by its own terms. (*Robb* v. *Washington & Jefferson College*, 185 N. Y. 485, 493, 494.)

And likewise there is no support in the authorities for appellant's claim, viz., that the right to revoke, and the lesser powers reserved, were destructive of the trust, and render the instrument testamentary. Such reservations are not inconsistent with a valid trust. But, on the contrary, it has been suggested by the court of last resort that the absence of the power of revocation might even give rise to suspicion of the ultimate purpose underlying the trust. (*Van Cott* v. *Prentice, post,* 55.) The donor parted with the title to and possession of his property when the trust was constructed, and the respective beneficiaries thereupon became entitled *in præsenti* to the equitable interests allotted to them by the instrument, subject only to a revocation of the trust, or a possible divestiture of their rights by the donor. The title of the trustee was sound, and the equitable claims of the beneficiaries were unassailable, as long as the trust stood. The founder never impaired that title, or those claims; and they may not be affected otherwise. The results which distinguish the creation of a trust and the making of a will are marked and clear. One who constructs a valid trust, with life estate in himself, parts with his title to the trust property, and grants to his beneficiary an immediate equitable interest in remainder, while one making a will parts with no property right, and his "grant" is only a possible interest to which a beneficiary may look, and that wholly *in futuro*. (*Van Cott* v. *Prentice*, 104 N. Y. 45, 52, 55; *Brown* v. *Spohr, supra,* 201, 204, 205, 209, 211; *Robb* v. *Washington & Jefferson College,* 185 N. Y. 485, 492, 493; *City Bank Farmers Trust Co.* v. *Charity Organization Society,* 238 App. Div. 720; affd., without opinion, 264 N. Y. 441.) A valid trust was created by Mr. Pinckney.

The decree dismissing the complaint should be affirmed, with separate bills of costs to the trustee and to the other respondents filing a brief in this court.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Judgment affirmed, with costs.