ARTHUR S. MACGREGOR, as Executor of GREGOR A. MACGREGOR, Deceased, and as Administrator D.B.N. of the Estate of JEANIE W. MACGREGOR, Deceased, Appellant, v. JAMES C. FOX et al., Respondents, and ROSALIND A. SNYDER, Appellant.

First Department, July 1, 1952.

*Edmund C. Donovan,* attorney for Arthur S. MacGregor, appellant.

*Edwin C. Morsch* of counsel (*Edwin B. Goddin* with him on the brief) (*Morsch, Goddin & Wieboldt,* attorneys), for R. A. Snyder, appellant.

*Walter J. Boyles* of counsel (*Herman Koenigsberg,* Guardian ad Litem), for Thomas Wells Snyder, respondent.

*Per Curiam.* This action was commenced to set aside a certain trust agreement made by Jeanie Wells MacGregor, as settlor, and James C. Fox, as trustee, on the ground that the trust was illusory.

Gregor A. MacGregor and Jeanie Wells MacGregor were married on February 6, 1923, and resided together as husband and wife. On August 2, 1946, Jeanie Wells MacGregor executed a deed transferring to James C. Fox, as trustee, a parcel of real property located in New York City, in trust, the income to be paid to Mrs. MacGregor during her life and on her death to her nephew until he reached the age of twenty-one years at which time the principal of the trust was to be paid over to him. The trustee was prohibited from selling, mortgaging or leasing the property without the consent of the donor. Moreover, the latter expressly reserved the right to alter, amend or annul the trust agreement. At the same time that Mrs. MacGregor executed a deed of this property to the trustee she made her last will and testament.

She bequeathed to her husband certain diamonds and nothing else. She died on March 8, 1948. Her estate amounted to about $800. The husband, Gregor A. MacGregor served a notice of election and then instituted this action to set aside the trust as illusory. While the action was pending he died and his son as executor of his will and as administrator *c.t.a.* of Mrs. MacGregor was substituted as plaintiff.

In dismissing the complaint the trial court held that there was nothing in the trust instrument itself which was illegal. Respondent relies upon the case of *Matter of Ford* (279 App. Div. 152, affd. 304 N. Y. 598). The facts there are clearly distinguishable. In the Ford case there was no attempt to defeat the right of the surviving spouse, nor did the settlor have such control over the trust corpus as to make the trustee bank a mere agent.

In the present case the trustee had very limited control over the principal of the trust. The donor's express reservation of the right to alter or annul the trust agreement and the power given to the trustee " to pay over and expend part of the principal of the trust estate to or for the benefit of the donor " indicated that she intended the agreement to be testamentary in character, effective only upon her death, and made plain her intention to take away from her spouse his contingent expectant estate. The situation is comparable to that presented in *Newman* v. *Dore* (275 N. Y. 371) where a similar attempt to defeat the expectant right of a surviving spouse was condemned. Mrs. MacGregor had practically nothing but the one piece of real estate. She retained control of this through the provision that the trustee could not sell, mortgage or lease the property without her consent, and she also retained the right to annul the trust at any time. There was nothing here but an illusory transfer, and the trust agreement is void in its entirety. (*Matter of Halpern,* 303 N. Y. 33.)

The judgment should be reversed, and judgment should be entered in favor of plaintiff directing that the real property remain a part of the donor's estate. Settle findings accordingly.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and judgment is directed to be entered in favor of the plaintiff directing that the real property remain a part of the donor's estate. Settle order on notice.