**SMYTH, Plaintiff, v. CLEVELAND TRUST COMPANY et, Defendants**

Common Pleas Court, Cuyahoga County.

No. 677105.   Decided September 30, 1959.

582

Ewing & Hecker, Cleveland, for plaintiff.
Arter, Hadden, Wykoff & VanDuzer, Cleveland, for defendant trustee

## OPINION

By JOSEPH H. SILBERT, J.:

The plaintiff in this case, Ida May Smyth, is the surviving spouse of Walter B. Smyth, who died testate, a resident of Rocky River, Ohio, on October 1st, 1954. On October 14, 1955, Mrs. Smyth filed the petition in this action asking for a declaratory judgment, a share in an irrevocable trust her husband had created on September 22, 1949, between himself and The Cleveland Trust Company and other equitable relief. Her claim is that she is entitled to a distributive share of the assets held in the trust by virtue of the statutes of descent and distribution of the State of Ohio because of the rights her husband reserved in said trust. These rights reserved include the right to revoke in whole or in part, the right to modify the trust, the right to demand and receive all of the property in the trust at any time during the life of the donor, and the prohibition against the trustee from dealing with the assets in the trust either by purchase or by sale without the written approval by the donor during his lifetime.

Mrs. Smyth's contention is that the decedent retained such dominion and control over the corpus of the trust so as to make the trust ineffective as to her and to defeat her rights under §2107.39 R. C., the Statute permitting election of a surviving spouse.

The plaintiff also sets out in her petition some of the provisions of the Last Will and Testament of her husband. She states in her petition that he devised and bequeathed to her his wearing apparel, jewelry, household goods and effects and other purely personal chattels, together with a homestead located at 1434 Lewis Drive, Lakewood. Ohio, leaving the remainder (if any) to his son, Clark P. Smyth. She then states that at the time of his death the decedent was not possessed of the homestead at 1434 Lewis Drive, Lakewood, Ohio, but that he had sold the said homestead and thereafter purchased a home at 1890 Wynwood Drive, Rocky River, Ohio, and had transferred it to The Cleveland Trust Company as a part of the trust fund.

Further, she alleges that the inventory and appraisement of the estate show the entire assets of the decedent to amount to only $2,385.00.

The Cleveland Trust Company, as trustee, is alleged to be holding securities and property having a reasonable market value as of October 1st, 1955, of approximately $197,562.89 and it is required to pay any federal and state inheritance taxes from the principal of the trust estate.

The defendants in the case are The Cleveland Trust Company, Mrs. Smyth as Executrix of her husband's Last Will and Testament, Clark P. Smyth and Gladys C. Smyth, the son and daughter-in-law, Clark P. Smyth, Jr., John B. Smyth and Andrew J. Smyth, the children of Clark P. Smyth and Gladys C. Smyth, who are minors under the age of 14, and the unborn and unascertained issue of Clark P. Smyth.

The Court appointed a guardian ad litem for the three minor children and he has filed the answer which is required by law. There has also been an answer filed by the trustee for the suit for the interests of the unborn and unascertained issues of Clark P. Smyth.

Ida May Smyth, as Executrix of the Last Wiill and Testament of Walter B. Smyth, Clark P. Smyth and Gladys C. Smyth all waived the issuance of summons and entered their appearance. The Executrix did not file an answer, but Clark P. Smyth and Gladys C. Smyth filed an answer which admitted the fact that Ida May Smyth disavowed the will of Walter B. Smyth and has elected to take under the laws of descent and distribution. They further admit that the plaintiff is entitled to a distributive share of the assets of the trust estate as established by Walter B. Smyth. We, therefore, see that the son, the party who would presently be entitled to the residuary estate, acknowledges and admits that his mother is entitled to her distributive share of the trust estate and he joins in the prayer of his mother asking that the Court grant her said share.

The answer of the Cleveland Trust Company admits the trust and that it contains the provisions set out above and that they now hold certain property pursuant to the terms of the trust. The trustee admits that Walter B. Smyth sold the property known as 1434 Lewis Drive, Lakewood, Ohio, and that he purchased and conveyed to them the property known as 1890 Wynwood Drive, Rocky River, Ohio, but says that the conveyance of this property to the trust was made with the consent and approval of plaintiff. Further, the trustee admits that the plaintiff filed her election not to take under the will of Walter B. Smyth. The trustee then denies the allegation concerning the extent, the debts and the taxes upon the estate of Walter B. Smyth, but admits that the trust agreement contains the provision with respect to the payment of estate, inheritance, succession or other similar taxes from the principal of the trust. The trustee denys the allegations concerning the value of the property held in trust and denys that the plaintiff is entitled to a distributive share of any of the assets held in the trust by reason of an election not to take under the wil, and further, specifically denies that the trust is in any way colorable or illusory.

The Cleveland Trust Company as trustee filed a cross-petition stating that a difference has arisen among the parties concerning the trust and the rights of ownership of the property held in trust. Further, the trustee alleges that the trust is a valid trust and that the property in

584

the trust constitutes no part of the estate of Walter B. Smyth. Said trustee then prays the Court to determine and declare (1) that the trust is a valid and subsisting trust, (2) that no part of the assets of the trust constitutes a part of the estate of Walter B. Smyth, (3) that Ida May Smyth has no interest in the trust except those given to her by the terms of the trust.

The trustee prays further that in the event the Court shall determine that Ida May Smyth is entitled to have delivered to her any portion of the assets of said trust that the Court determine and declare (1) the extent to which she is entitled to have any of said property distributed to her, (2) whether the distribution should be made to her individually or as executrix, (3) whether she will have any interest in the remainder of any property held in trust or be entitled to any further payments or disbursements of said trust or whether as to her said trust shall be deemed terminated, (4) to what extent any portion which may be held distributable to her shall be subject to reduction by reason of payments or disbursements hereinbefore made to her pursuant to said trust.

The trustee then asks the Court to allow its expenses and counsel fees incurred herein and that they be paid out of the corpus of said trust.

The case was then brought to issue by the filing of replies to the answer of The Cleveland Trust Company and an answer to the cross-petition of The Cleveland Trust Company. The parties then entered into seventeen (17) stipulations which are identified as plaintiff's Exhibit One.

Evidence was heard by the Court on October 8th, 1958, and thereafter briefs were filed by the attorneys for Mrs. Smyth and for The Cleveland Trust Company.

At the trial plaintiff testified that her husband had told her of the establishment of the trust and that he wanted to avoid bother for her after his death. Further, she did not know the contents of the trust, that her husband did not discuss his business or estate with her during their fifty years of marriage. Ida May Smyth then testified that she did not know in whose name the Wynwood property was placed, that her husband never told her in whose name title would be taken, but plaintiff's Exhibit Five is a receipt dated February 2, 1954, directed to The Cleveland Trust Company which states "have title to property at 1890 Wynwood Dr., Rocky River in name of the Clev. Tr. Co. Trustee Walter B. Smyth trust" and is signed by Ida May Smyth. Therefore, the Court finds Ida May Smyth did have knowledge of the fact that the new home was not in her husband's name prior to his death.

The Court concludes that even though Ida May Smyth knew of the trust and participated in the transfer of real property and authorized title to be taken in the name of The Cleveland Trust Company as trustee she had no control over the settlement of her husband's estate or of his personal business transactions during his lifetime and any objections she may have had would have been to no avail and the Court does not consider this an issue in this case. (See §3103.04 R. C., and the first syllabus in **Bolles v. The Toledo Trust Co., 144 Oh St 195, 58 N. E. (2d),** 381, and Dillingham v. Dillingham, 28 O. C. A., 49, 30 C. D., 6.)

The issue to be determined in this case is whether Ida May Smyth, as the wife of the donor of the trust is entitled to any share of the assets of said trust by reason of her election under §2107.39 R. C. The Court is of the opinion that this issue has been determined by the Supreme Court of Ohio in the cases of **Bolles v. The Toledo Trust Co., supra,** and **Harris v. Harris, 147 Oh St 437, 72 N. E.** (2d), 378, and where the settlor has reserved to himself the income during his life with the right to amend or revoke that he has not parted with dominion and control over the trust property and that his widow may elect to take under the statute of descent and distribution and may assert her right to a distributive share of the property held in the trust after his death.

A thorough study of the briefs of both parties and of the general law involved discloses that in the states of Vermont, Florida, Kentucky, Massachusetts, Arkansas, Michigan and Maryland the courts have held ' that in cases of this type the widow has no right in a trust created by her husband during his lifetime unless the trust is shown definitely to be in fraud of her rights.[1] The view in those states is primarily known and supported as being the "Massachusetts theory." One of the cases wherein this theory is most strongly advocated is that of Kerwin v. Donaghy, supra. In that case the facts are much the same as they are in the instant case except that the trust was more severe as to the wife and the testimony was clear that it was Mr. Kerwin's intention to disinherit his wife. While in the instant case the testimony is merely that Mr. Smyth wanted to avoid bother for his wife after his death. The Massachusetts court found that there was no possibility that the trust agreements were intended merely as shams and that the evident purpose at the time was to disinherit the wife and that the sole question before them was whether this was possible. The Supreme Court of Massachusetts held that these trusts were not a device and were not illusory, but rather that the trust was an agreement which fixed the rights of the parties. The Court went on to hold that a man could give away all of his property and thereby deprive his widow of its benefits upon his death, the theory being that if the trust is to be held valid and effective it must be effective as to all persons and that a wife should have no greater rights than any other individual or group unless actual fraud is shown.

Even though the Massachusetts view has been accepted by many states and has been incorporated into the Restatement of Trusts—Section 64(1) Tentative Draft of Restatement of Trusts—it has not been accepted by all courts. In Virginia, New York, Pennsylvania, New Hampshire, Illinois and Ohio the courts have held that a widow does have a right in such a trust created by her husband during his lifetime even

1. See Dunnett v. Shields, 97 Vt., 419, 123 A., 626; Williams v. Collier, 120 Fla., 248, 158 So., 815; DeLeuil v. DeLeuil, 255 Ky., 406, 74 S. W. (2d), 474; Kerwin v. Donaghy, 317 Mass., 599, 59 N. E. (2d), 299; United Bldg. & Loan Assn., v. Barrett et al. 64 F. Supp., 460; Rose v. Rose, 300 Mich., 73, 1 N. W. (2d), 458; Brown v. Fidelity Trust Co., 126 Md., 175, 94 A., 523.

where actual fraud is not shown.[2] The above states have permitted the widow a distributive share of these trusts for a variety of reasons. The New York view is found in the case of Newman v. Dore, et al, supra. There the Court held "the test of the validity of a transfer of a decedent before death as respects rights of the surviving spouse is not the decedent's intention, but whether the transfer was real or illusory." In the Newman case, supra, the husband transferred to certain trustees substantially all of his real and personal property. By will he left his wife a one-third life income in all of his estate, but if the trust agreements in actuality effectively divested the husband of the title to the property then he left no estate and his wife took nothing. The New York court reviewed cases from various jurisdictions wherein this type of trust has been upheld after the husband reserved income for life, the power of revocation, and a considerable measure of control. The Court held that these cases had not recognized the fact that in many instances the husband was retaining full control of the property though in form he had parted with it and in conclusion held "judged by the substance, not by the form, the testator's conveyance is illusory, intended only as a mask for the effective retention by the settlor of the property which in form he had conveyed."

In the Newman case, supra, the New York court did not attempt to formulate any general test as to how far a settlor must divest himself of his interest in the trust property to render the conveyance more than illusory. The Court seems to have felt that the retention of income or a power of revocation or both, might, even without retention of a power of control, be sufficient to show that the transfer was not intended to divest the settlor of his property. The next case to arise in New York on this question was MacGregor v. Fox et al, 280 App. Div., 435, 114 N. Y. S. (2d), 286. In that case the wife conveyed certain realty in trust and retained the income to herself for life and upon her death directed the income to be paid to her nephew until he reached 21, at which time the principal was to be paid to the nephew. Further, the wife expressly reserved the right to alter, amend or annul the trust agreement. Here again, the New York courts held the trust was illusory and void and did not divest the expectant right of a surviving husband. The court found that the donor's express reservation of the right to alter or annul the trust and the power given to the trustee to pay over and expend part of the principal of the trust for the benefit of the donor indicated that she intended the agreement to be testamentary in character, effective only upon her death and made plain her intention to take away from her spouse his contingent expectant estate.

The Illinois courts have followed the New York view and in the case of Smith v. Northern Trust Company et al, supra, have held that the

---

2. See Norris et al, v. Barbour et al, 188 Va., 723, 51 S. E. (2d), 334; Newman v. Dore et al, 275 N. Y., 371, 9 N. E. (2d), 966; Walker v. Walker, 66 N. H., 390, 31 A., 14; Smith v. Northern Trust Co. et al, 322 Ill. App., 168, 54 N. E. (2d), 75; In re Pengelly's Estate, 374 Pa., 358, 97 A. (2d), 844; Harris v. Harris, supra,

validity of a transfer by a decedent before death, as respects the rights of the surviving spouse, is whether such transfer was real or illusory.

Another view is found in the case of In re Pengellys Estate, supra. There the Pennsylvania court held that where the settlor of an inter vivos trust in addition to reserving a beneficial life estate and the power to revoke or modify in whole or in part, reserves the power to control the trustees as to the details of the administration of the trust, that this makes the trustee merely an agent of the settlor and that the scheme becomes testamentary as to the dispositions intended to take effect upon death.

The Ohio view, as set out in the Bolles and Harris cases, supra, is that the reservation of the income during the life of the settlor plus the reservation of the right to amend or revoke causes the settlor not to part with dominion or control over the trust property and this failure to part with dominion and control permits the wife to assert her right under the statutes of descent and distribution to a distributive share of the trust res.

This is not a new concept of the law as applied. As early as 1891 the New Hampshire Supreme Court applied similar language in similar circumstances. In the case of Walker v. Walker, supra, the husband gave certain property to a trustee and the facts show that his attempt was to dispose of nearly all his personal property in such a manner that he could have enjoyment and control of it for life. The court held that the widow could not be deprived of such a portion of his estate when the purpose was to defeat her rights. The court said that where the husband reserves no rights to himself then the conveyance may be proper, but where the transfer is a mere device or connivance by which the husband, **not parting with absolute dominion** over the property during his life, seeks at his death to deprive his widow of her distributive share she is entitled to have the trust set aside to that extent. The Court found that at that time there was no conflict of authority in the rule applicable to such conveyances and that the widow would be entitled to her distributive share out of the trust res.

In the instant case the stipulations show that the bulk of the estate of Walter B. Smyth is to be found in the inter vivos trust. There is no showing of any fraud and it is clear that the intention of the decedent was to provide for his wife in such a manner that she would have no control over the sum which she was to receive. There is a considerable difference between a nominal amount annually as against a substantial amount immediately, and in particular in the instant case Mrs. Smyth receives only a life estate under the trust agreement and under her right to elect she is entitled to a fee simple estate in the property. Under the trust agreement the trustee is to determine Ida May Smyth's needs and she has no say. In the light of these factual matters and under the applicable Ohio law, the Court need not determine whether Mrs. Smyth was adequately provided for or whether there was fraud. Rather, under the Ohio law, the Court must determine whether or not Mr. Smyth as the settlor of the trust estate parted with dominion over the property or retained such powers under the trust agreement as causes him as

settlor not to part absolutely with the dominion of such property. By an examination of the trust agreement in the instant case the Court finds that Mr. Smyth did not part with dominion over such property since he retained the power of revocation, the power to modify, the right to demand and receive all of the property in the trust at any time during his life, and whenever practicable the trustee was to secure his written approval as to all purchases of securities which it might propose to make.

Ohio has not followed the Massachusetts view and this Court feels for good reason. Under §2107.39 R. C., the surviving spouse is entitled to a distributive share of the net estate of the decedent. When the decedent has entered into an inter vivos trust agreement which provides a right of revocation then by §1335.01 R. C., he has entered into a valid trust, but by his failure to absolutely part with dominion and control over the property the code gives to his creditors the right to invade said trust. (See §1335.01 R. C.) Certainly a spouse's rights should be superior to those of a creditor and as stated by the Ohio Supreme Court at page 215 in the Bolles case, supra, "We are of the opinion that a wife's right to elect to take under the law places her in a higher position than a mere creditor in respect of the personal property in an unrevoked revocable trust." The Court, therefore, finds that Ida May Smyth is entitled to her distributive share of the assets held by the defendant, The Cleveland Trust Company, as trustee, by virtue of the statutes of descent and distribution. The Court further finds that the trust is a valid and subsisting trust, save and except for that portion which Ida May Smyth is entitled to as her distributive share, but even though Ida May Smyth is entitled to a portion of the trust assets no part of the assets of the trust constitutes a part of the estate of Walter B. Smyth. (See §1335.01 R. C., and Syllabus 2 of the Bolles case, supra.)

The Court further finds:

(1) That Ida May Smyth is entitled to her distributive share and the trustee must pay to her one-half of the principal in the trust res. (See §2107.39 R. C.) It is assumed that the parties can arrive at an agreement as to which assets each shall be entitled to without the Court having to order an appraisal and division. The equal portions to which each is entitled should be determined after giving consideration to the value of the assets at the death of Walter B. Smyth and their value now. In addition, no division should be made which could later require the additional expense of a partition suit.

(2) That Ida May Smyth as an individual having asserted her right to such distributive share in the trust is entitled to distribution as an individual. (See Syllabus 3 and 10 in the Bolles case, supra, and also see the Syllabus of the Harris case, supra, which states ". . . His **widow** may elect to take under the statutes of descent and distribution and may assert **her right** to a distributive share of such property after his death.") (Emphasis added.)

(3) That Ida May Smyth has no interest in any of the remainder of the property held in trust and is entitled to no further payments or disbursements from said trust and as to her said trust shall be

deemed terminated. (See **Blocher et al, v. Trick et al, 8 Oh Ap 222,** 28 O. C. A., 46, 30 C. D., 98.)

(4) Any portion of the trust assets which have been held distributable to Ida May Smyth shall be subject to a reduction by reason of payments or disbursements hereinbefore made to her pursuant to said trust on the following bases:

(a) Any disbursements of principal shall be set off against her distributive share.

(b) Any disbursements of income shall be divided in half and as she was entitled to the income from one-half of the assets of the trust by reason of her election she shall now be entitled to retain that income, but as she is not entitled to the income from the other one-half of the trust assets that income shall be either returned to the trust or subracted from the distributable assets to be paid to her.

The Court further finds that the trustee is entitled to its expenses and counsel fees incurred herein and that they shall be paid out of the corpus of the trust which remains after the widow has first received her distributive share. The Court will grant an immediate hearing to determine the amount and reasonableness of same. Court costs shall also be paid from the remainder of the corpus of said trust.

The Court orders a Journal Entry drawn in conformity with the above. O. S. J.