Samuel H. Hoestadtee, J.
This is a proceeding for the judicial settlement of the final account of the Chase Manhattan Bank, formerly known as the Chase National Bank of the City of New York, as trustee under a deed of trust, made by the late Howard Gould as grantor on April 18, 1936. The trust terminated on September 13, 1959, by the death on that date of the grantor, who was the sole life beneficiary. There has been no prior accounting.
The guardian ad litem for certain infants who are residuary legatees under the grantor’s will, admitted to probate by the Surrogate’s Court, New York County, has filed a report and objections to the account, in which he takes the position that, by reason of certain provisions of the deed of trust and the control exercised by the grantor over the administration of the trust, the trust was illusory and hence invalid. Since neither the guardian nor any other party in interest objects to any item in the account or criticizes the trustee’s handling of the trust, this is the only question which calls for comment.
In the deed of trust the grantor reserved the right on written notice to the trustee to amend or cancel the deed of trust as well as to change the remaindermen and the amounts of their remainders. In the course of the years the grantor from time to time exercised the power so reserved over the remainders by canceling provisions for some of those named, changing amounts, and adding new remaindermen. The deed of trust reserved no right to direct or control the operation of the trust by the trustee, except insofar as the power to amend or cancel the deed of trust itself may imply such control. In practice, however, the trustee consulted freely with the grantor and his counsel and, it will be assumed, uniformly followed their wishes, advice and instructions. The guardian in a most comprehensive report has elaborated on this practice and cited many instances in which it was carried out. Seizing on this as proof of the grantor’s control, coupled with the reserved powers in the deed of trust already mentioned, and the fact that the grantor was himself the income beneficiary, the guardian urges that no real trust was ever created and that, if the grantor intended to establish one, his efforts were abortive.
The court rejects these contentions. The question here is not how far the trust is subject to inheritance tax (Matter of Bostwick, 160 N. Y. 489; Matter of Schmidlapp, 236 N. Y. 278). Nor do we deal with the claim of a surviving spouse that the trust was conceived to defeat the right of election nor a like claim *60 that the trust, if upheld, would prejudice some existing or expectant interest (Newman v. Dore, 275 N. Y. 371; MacGregor v. Fox, 280 App. Div. 435, affd. 305 N. Y. 576; Burns v. Turnbull, 266 App. Div. 779, affd. 294 N. Y. 889). A trust is neither illusory nor an invalid testamentary disposition merely because the grantor has reserved a beneficial interest in it or, in addition, has reserved the power to revoke or modify or to control the trustee in its administration (City Bank Farmers Trust Co. v. Charity Organization Soc., 238 App. Div. 720, affd. 264 N. Y. 441; Pinckney v. City Bank Farmers Trust Co., 249 App. Div. 375; Matter of Ford, 279 App. Div. 152, affd. 304 N. Y. 598; Marine Midland Trust Co. of Binghamton v. Stanford, 256 App. Div. 26, affd. 281 N. Y. 760; Brown v. Spohr, 180 N. Y. 201; Restatement, Trusts, 2d, § 57). In view of the grantor’s life interest in the income of the trust and his interest in the principal derived from his power to revoke, it was perfectly natural and proper for the trustee to heed his wishes regarding the trust investments. In so doing, the trustee did not abnegate its duties or powers or surrender the legal control conferred upon it by the deed of trust (see Restatement, Trusts, 2d, § 227). There is nothing here to substantiate the asserted unreality of the creation of this trust by Mr. Grould; on the contrary, it bears complete and satisfying proof of its actuality and genuineness.
Accordingly, the trust is adjudged valid. The account and supplemental account are approved and settled as filed. The income received since September 13, 1960, the date of the grantor’s death, is to be allocated between the named remainder-men of the trust and the grantor’s estate in accordance with the memorandum of February 28, 1962, submitted by the attorneys for the accounting trustee, such allocation having been approved by the guardian in the event that the trust is upheld as valid.