In the Matter of the Estate of LOUIS FONTANELLA, Deceased. ADELAIDE JEWELL, as Administratrix of the Estate of LOUIS FONTANELLA, Deceased, Appellant. EDWARD FONTANELLA et al., Respondents.

Third Department, November 6, 1969.

*Ernest Abdella* for appellant.

*James W. Conboy* and *Floyd J. Reinhart* for Edward Fontanella, respondent.

*Karl A. Wohlgemuth* and *Floyd J. Reinhart* for Rena Chiuminato, respondent.

COOKE, J. This is an appeal from a decree of the Surrogate's Court of Montgomery County, entered December 27, 1967, which determined that Edward Fontanella, son of decedent Louis Fontanella, was the sole owner of certain shares of stock. The Surrogate found that decedent had retained dominion and control over the stock, that the person to whom the certificates were delivered was not a donee but decedent's agent and, consequently, that any characterization of the transfer as a gift

was defeated; and, furthermore, that a valid *inter vivos* trust was created with the son as remainderman beneficiary. It was also determined that certain final conversations between the elder Fontanella and the third party were insufficient to constitute a revocation of the trust.

About 10 years prior to his death in March, 1965, the father delivered stock certificates in three companies to Rena Chiuminato, his sister-in-law, with instructions " to hold on to it and just keep it and send him the dividends " and that if he wanted to do anything different with them he would tell her, no mention being made at the time of delivery as to the disposition to be made upon Fontanella's death. Accompanying the forwarding of the stock was a note in Italian signed by Fontanella stating: " They are in your name. You can cash them any time and you can go and get a drunk on yourself." Thereafter decedent at different times told Mrs. Chiuminato " When I die, you turn it over to Ed " and in 1958 wrote the son a letter informing the latter of his holdings with Rena and " if I need em I use them if I dont I tol them to give them to you. I thought to tel you this in cass somthin may hapen I am gitin old." About two or three months prior to his death, deceased told Rena " I don't want to see it all go to Ed  *  *  *  Adelaide should have some of it. It should be divided " and, about a month prior thereto, that part of the stock should go to his daughter Adelaide, who has taken care of and kept him and his wife, and the rest to Ed.

There are four essential elements of a valid trust of personal property: (1) a designated beneficiary; (2) a designated trustee not the beneficiary; (3) a fund or other identifiable property; and (4) the actual delivery of the fund or other property to the trustee with the intention of passing legal title thereto to him as trustee (*Brown* v. *Spohr,* 180 N. Y. 201, 209; *Matter of Palumbo,* 284 App. Div. 834). It is undisputed here that, as of delivery, there was no designated beneficiary nor was there any expressed or implied intention of transferring title to Mrs. Chiuminato as trustee.

While trusts may be created in personal property by parol and no particular formula of words is required to accomplish the result (*Hoffman House, New York* v. *Foote,* 172 N. Y. 348, 355, *Hirsh* v. *Auer,* 146 N. Y. 13, 19), the words and the acts relied upon must be unequivocal in nature and admit of no other interpretation than that the property is held in trust (*Wadd* v. *Hazleton,* 137 N. Y. 215, 219; *Young* v. *Young,* 80 N. Y. 422, 438; *Shea* v. *Crofut,* 203 App. Div. 210, 214). To constitute a trust there must be either an explicit declaration

of trust or facts and circumstances which show beyond reasonable doubt that a trust was intended to be created, as it would introduce a dangerous instability of titles if anything less were required, or if a voluntary *inter vivos* trust could be established, in the absence of express words, by facts and circumstances capable of another construction or consistent with a different intention (*Sayer* v. *Wynkoop*, 248 N. Y. 54, 59; *Beaver* v. *Beaver*, 117 N. Y. 421, 428; *Wojtkowiak* v. *Wojtkowiak*, 85 N. Y. S. 2d 198, 202, affd. 273 App. Div. 1052). Here, the evidence falls far short of establishing a trust; indeed, it is so consistent with an agency relation that the Surrogate held: " that no delivery was made to a donee but rather to a third party as agent of the donor." The acts of Mrs. Chiuminato were performed for decedent and she never claimed title to the certificates, indicating an agency, the distinguishing characteristic of a trust relationship being the transfer of title to the trustee whereby he acts for himself in the administration of the trust estate during the time that the trust continues according to its terms (*Wadd* v. *Hazelton*, *supra*, at p. 221; *Matter of Ihmsen*, 253 App. Div. 472; 2 N. Y. Jur., Agency, § 7; cf. *Matter of Seeberg*, 46 N. Y. S. 2d 412, 414).

There was no intention expressed by decedent to Mrs. Chiuminato to impose any enforceable duties upon himself or her (see Restatement, 2d, Trusts, § 25). He retained exclusive control over the disposition of the stock and the income therefrom. No enforceable interest in the stock was created unless and until he died without revoking what he had done. The informality and ambiguity in the creation of the relationship, coupled with the reservation of total control over the stock by decedent, mandates a determination that no valid trust was created, alleged trusts having been struck down on numerous occasions where the degree of control reserved by the purported creator was deemed too extensive (see, e.g., *Newman* v. *Dore*, 275 N. Y. 371, 380–381; *MacGregor* v. *Fox*, 280 App. Div. 435, 437; *Gillette* v. *Madden*, 280 App. Div. 161; *Matter of Cerchia* [*Cerchia*], 279 App. Div. 734; *Burns* v. *Turnbull*, 266 App. Div. 779, affd. 294 N. Y. 889).

The decree should be reversed, on the law and the facts, and proceeding remitted to the Surrogate's Court for further proceedings, with costs payable from the estate.

HERLIHY, P. J., STALEY, JR., and GREENBLOTT, JJ., concur.

Decree reversed, on the law and the facts, and proceedings remitted to the Surrogate's Court for further proceedings, with costs payable from the estate.