OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Although we agree with the result reached below, we find it
 
 *917
 
 necessary to add the following observations. Contrary to the conclusion of the Surrogate, we believe that the decedent, Harold Lefft, did create a valid trust. (See, generally,
 
 Brown v Spohr,
 
 180 NY 201, 209;
 
 Matter of Frank,
 
 52 AD2d 335, 338;
 
 Matter of Fontanella,
 
 33 AD2d 29, 30; 1 Bogert, Trusts and Trustees [2d ed], § 1.) However, the life beneficiaries of that trust did not include appellants, the children of the decedent, but were limited to Harold and Geraldine Lefft. The only dispositive clause in the trust agreement provided that in the event of the sale of any property held in trust, Harold and Geraldine Lefft were to divide the proceeds equally. The decedent referred to appellants in the trust agreement only to state that "[i]t [was] the
 
 intention
 
 of Harold H. Lefft to retain said works of art for his children”. (Emphasis added.) Beyond stating his intention, however, the decedent never provided for any disposition, present or future, to appellants of either the trust corpus or proceeds derived from its sale.
 

 Harold Lefft, as settlor, expressly reserved the power to revoke the trust with the consent of Geraldine Lefft and the third trustee, Silver. This he accomplished in a written separation agreement signed by himself and Geraldine Lefft, terminating the trust. Even were the consent of the third trustee held necessary to effectuate a revocation because of the unanimous consent provision in the trust agreement, the third trustee, absent proof to the contrary, must be deemed to have consented to the revocation by acting as Harold Lefft’s attorney in the separation action.
 

 As to the competency of Geraldine Lefft to testify that the decedent made a gift of the paintings to appellants, it is our opinion that the Surrogate erred in holding Geraldine Lefft incompetent to testify because of the dead man’s statute (CPLR 4519). While it is true that Geraldine Lefft, by waiving her rights as a surviving spouse and creditor of the estate to any property that might be recovered by the estate from appellants, increased appellants’ share of the estate, she is not a person "from, through or under” whom appellant would take the contested paintings if her testimony were credited. In that event appellants would take the paintings by gift from the decedent and not through the estate, enlarged though it might have been by her waiver. (Cf.
 
 Loder v Whelpley,
 
 111 NY 239;
 
 Matter of Wilson,
 
 103 NY 374; Richardson, Evidence [10th ed], § 399.)
 

 Although we view the Surrogate’s ruling on Geraldine
 
 *918
 
 Lefft’s competency to testify erroneous, we find it unnecessary to reverse and remand for consideration of her testimony. A gift must be established by clear and convincing proof.
 
 (Hemmerich v Union Dime Sav. Inst.,
 
 205 NY 366, 369;
 
 Matter of Kaminsky,
 
 17 AD2d 690, app dsmd 12 NY2d 840.) In the present case, were Geraldine Lefft’s testimony accepted, appellants would have nonetheless failed to establish a gift because of the absence of proof of delivery.
 
 (Matter of Szabo,
 
 10 NY2d 94, 98.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate in a memorandum.