■ In the Matter of the Estate of HYMAN ALPERT, Deceased. JACK L. ALPERT, as Executor of WILLIAM ALPERT, Deceased Executor and Trustee of HYMAN ALPERT, Deceased, et al., Respondents; GAIL ALPERT KRAMER et al., Appellants. In the Matter of the Existence of an Express Trust Created by ZUSMAN ALPERT, Settlor. EVERETT ALPERT, Individually and as Executor of NETTIE ALPERT, Deceased, et al., Appellants; JACK L. ALPERT et al., Respondents. [829 NYS2d 476]—

Consolidated order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about July 29, 2005, insofar as it confirmed in part the Special Referee's report and dismissed appellants' claims seeking to declare an express trust or partner-

ship created by Zusman Alpert or his six sons, or to impose a constructive trust on the textile and real estate assets of the Alpert family, unanimously affirmed, with costs.

Zusman Alpert started in textiles and later bought real estate. Sons Leon, Hyman and David participated in the textile business. Sons William, Abraham and Jack became lawyers and invested in real estate. Over time, the textile business ebbed and the value of the real estate assets grew to hundreds of millions of dollars. Relying, inter alia, on a July 1942 writing signed by all the brothers except David, and later allegedly corroborating documents and conduct, appellants, heirs of Leon and Hyman, claim entitlement to a share of all Alpert family assets because of an express "family trust" or "family partnership" allegedly established by Zusman and/or his sons. Alternatively, they seek the imposition of a constructive trust.

We decline to disturb the Referee's findings of fact, to the extent accepted by the Surrogate, since those findings and the conclusions drawn therefrom rest upon a fair interpretation of the evidence (*see Matter of Marsh*, 265 AD2d 253 [1999], *lv denied* 95 NY2d 755 [2000], *appeal dismissed* 95 NY2d 956 [2000], *cert denied sub nom. Lefkowitz v Bank of N.Y.*, 532 US 1038 [2001]). Appellants did not establish an explicit declaration of trust or circumstances showing unequivocally, and admitting of no other intention, that a trust was intended to be created (*see Matter of Gagliardi*, 55 NY2d 109 [1982]; *Matter of Fontanella*, 33 AD2d 29, 30-31 [1969]). While the documents may suggest that the Alpert brothers may have had a general understanding as to some sort of family arrangement, they do not identify the specific terms of the alleged trust or establish the requisite criteria for distribution. Some memos are internally inconsistent, and some are inconsistent with each other. As a whole, they do not conform to the terms of the alleged trust or partnership. Nor is the course of conduct on which appellants rely unequivocally referable to the alleged trust. Indeed, the bulk of the documentation produced at trial shows that real estate investments were for the benefit of the named investors and that the textile businesses were held for the individual account of the named owners.

Appellants similarly failed to prove the requisite elements of a partnership. As the Surrogate found, the record is devoid of evidence that the six brothers agreed to share in the profits and losses of the real estate investments as equals or otherwise, or that their respective contributions had become "as one" (*see generally Needel v Flaum*, 248 AD2d 957, 958 [1998]; *Kahn v Kahn*, 3 AD2d 820 [1957]).

The Surrogate properly found a failure to establish grounds for imposition of a constructive trust since there was no evidence that appellants transferred property or continued working in the textile business in reliance on a promise to share real estate assets, or that respondents were unjustly enriched thereby (*see Matter of Chakine*, 273 AD2d 18 [2000]; *Mance v Mance*, 128 AD2d 448 [1987], *lv denied* 70 NY2d 668 [1987]). Nor is there a basis for disturbing the finding that Leon's and Hyman's participation in the real estate business was minimal. Given appellants' failure to prove entitlement to the real estate under an express trust or partnership theory or through a predicate interest in the property, respondents are not unjustly holding appellants' property and there is no basis for equity to intercede (*see Bontecou v Goldman*, 103 AD2d 732 [1984]).

We have considered appellants' other arguments and find them without merit. Concur—Tom, J.P., Friedman, Sullivan, Nardelli and Catterson, JJ.